# APRIL TERM, 1978

## No. 27723

**J. Joseph Reed, Individually and d/b/a Best Remodeling v. Joseph F. Dolan, Individually and as Executive Director, Department of Revenue, State of Colorado**

(577 P.2d 284)

Decided April 10, 1978.　　　　　　　　Rehearing denied May 8, 1978.

Roger P. Barrick, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Chris J. Eliopulos, Special Assistant, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Plaintiff commenced this action in the Denver District Court attacking certain income and withholding tax assessments made against him by the Colorado Department of Revenue. The district court dismissed on the ground that plaintiff had failed to comply with the mandatory bond provisions of section 39-21-105, C.R.S. 1973. Plaintiff is here challenging the constitutionality of these bond provisions. We affirm the trial court's dismissal of the case.

For the years 1973 and 1974, plaintiff filed Colorado tax returns which contained no information other than personal data (name, address, etc.) and the number of exemptions claimed. He thereafter refused to give the Department any information and failed to respond to a subpoena duces tecum requesting production of specific financial records, asserting that he had a Fifth Amendment right not to reveal any information.

Pursuant to the Colorado Tax Act, section 39-22-602, C.R.S. 1973, the Department made returns for plaintiff using the best available information. Notices of Deficiency, showing the amount of tax due and the method of computation, were served upon the plaintiff. Thirty days later, plaintiff having taken no action after receipt of these notices, the Department mailed plaintiff Notices of Final Determination and Assessment.

Plaintiff timely appealed the matter to the district court.[1] At no time, however, did he file a bond with the court or deposit the disputed amount of taxes with the Department as required by section 39-21-105(4), C.R.S. 1973. Plaintiff did attach an affidavit to his amended complaint stating that his financial condition did not permit him to comply with the bond provisions, but that he refused to divulge any information regarding the exact condition of his financial affairs on the ground that it might tend to incriminate him.

## I.

The bond provisions challenged by plaintiff are as follows:
"(4) Within fifteen days after filing of the notice of appeal, the taxpayer shall file with the district court a bond in twice the amount of the taxes, interests, and other charges stated in the final determination by the executive director which are contested on appeal; but the taxpayer may at his option deposit the disputed amount with the executive director of the department of revenue in lieu of posting bond. If such amount is so deposited, no further interest shall accrue on the dificiency contested during the pendency of the action. At the conclusion of the action, after appeal to the supreme court or the court of appeals or after the time for such appeal has

---

[1] In his complaint plaintiff alleged that the assessments made by the Department were "arbitrary and untrue." Specifically, plaintiff made a number of *factual* assertions which presumably, if proven, would show that the assessments were in error. (*e.g.*, "Plaintiff-Appellant owed no withholding tax for any tax period because the plaintiff had no employees at any time during these years.")

expired, the funds deposited shall be, at the direction of the court, either retained by the executive director and applied against the deficiency or returned in whole or in part to the taxpayer with interest at one-half percent per month. No claim for refund of amounts deposited with the executive director of the department of revenue need be made by the taxpayer in order for such amounts to be repaid in accordance with the direction of the court." Section 39-21-105(4), C.R.S. 1973.

Plaintiff first argues that these requirements in an arbitrary and invidious discrimination between individuals on the basis of wealth in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We hold, however, that the plaintiff is without standing to raise this particular question.

The general rule of standing in Colorado is that no one may assail the constitutionality of a statute except to the extent that he is personally adversely affected by the alleged defect. *People v. Stage,* 195 Colo. 110, 575 P.2d 423; *Veterans of Foreign Wars v. City of Steamboat Springs,* 195 Colo. 44, 575 P.2d 835; *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975). In the case at bar, plaintiff has refused to make available any financial data from which the district court could make a determination of indigency. Plaintiff's generalized self-serving statement that his financial condition does not permit him to comply with the bond provisions of the statute coupled with his refusal to inform the court of the particulars of his finances does not provide an adequate basis for the determination of his indigency. His assertion of a Fifth Amendment privilege with respect to his tax return and the financial data required to establish indigency cannot be sustained. The public need for voluntary disclosures of income in order to carry out the taxing power of the state must be balanced against the individual claim to constitutional protection against compelled self-incrimination. As the United States Supreme Court observed in *California v. Byers,* 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971):

"An organized society imposes many burdens on its constituents. It commands the filing of tax returns for income; . . .

"[U]nder our holdings the mere possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure called for by [tax] statutes like the one challenged here." *Id.* 427-428.

Under the circumstances here, the plaintiff cannot be heard to challenge the bond requirements on the ground that they may conceivably be applied in such a manner as to deny equal protection to others in situations not before the court. *See, People v. Stage, supra.*

## II.

Plaintiff next asserts that the statutory bond provisions violate his right to due process of law. We find, however, that this statute adequately affords due process of law, at least with respect to those types

of factual questions raised by the plaintiff in his complaint.

The statutory scheme which plaintiff attacks here does not leave him without an opportunity to be heard. Section 39-21-103, C.R.S. 1973, provides that following an initial assessment for tax due, the taxpayer may request a hearing with the Department by applying to the executive director within 30 days of the mailing of a notice of deficiency. No bond requirement is necessary at this stage. At the hearing, the taxpayer may present any facts or arguments, and file any briefs and affidavits he believes pertinent to his cause. Following the hearing, or where no hearing is requested, the executive director makes a final determination. The taxpayer is then sent a notice of final determination accompanied by a demand for payment. It is only when the taxpayer seeks to appeal this final determination to the district court that the bond provisions are invoked. Section 39-21-105, C.R.S. 1973. Plaintiff did not request a hearing following his initial assessment. He must bear the burden of his failure to do so. The statute provides a clear opportunity to be heard without condition. This is all that procedural due process requires in this case. *See Patterson v. Warner,* 371 F.Supp. 1362 (1972).[2]

### III.

Nonetheless, plaintiff argues, the bond provisions interfere with his "fundamental right" to appeal a final determination and assessment of taxes. The right to appellate review by the district court is a right created by statute. Our state constitution specifically provides that the appellate jurisdiction of the district courts is only that "as may be prescribed by law." *Colo. Const.* Art. VI, §9. To enjoy the right one must first comply with the conditions precedent required by law. Thus, the general rule appears to be that statutes requiring appeal bonds are ordinarily a valid exercise of legislative power since they do not restrict or deny the "right" of appeal but merely regulate the manner of exercising it. *See* 4A *CJS, Appeal and Error,* §502(b), p. 208; *Austin v. Town of Oviedo,* 92 So.2d 648 (Fla. 1957); *Nebraska Mid-State Reclamation Dist. V. Hall County,* 152 Neb. 410, 41 N.W.2d 397 (1950). Since the bond requirement in question here is to provide security for the payment of the final assessment made by the executive director (after a hearing, if requested), and only that portion of the bond related to the actual deficiency is

---

[2] We do not reach the question of whether there is a due process right to a *judicial* determination with respect to questions of law. *See Ortwein v. Schwab,* 410 U.S. 656, 662-663, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (Douglas, J., dissenting). The questions which plaintiff seeks to have reviewed in the district court are factual in nature. As indicated, the statutory scheme challenged by plaintiff provides for a full hearing at the administrative level as to factual questions. Thus, plaintiff had available to him an adequate forum in which to seek redress. *Cf., Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (Statute requiring payment of court fees and costs by indigent parties seeking divorce held unconstitutional as violative of due process since it denies them access to the only forum capable of resolving their dispute.)

retained, we hold this condition on plaintiff's right of appeal is not unreasonable. *See Patterson v. Warner, supra. Compare, Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).[3]

The judgment of the district court is affirmed.

MR. JUSTICE KELLEY does not participate.

---

[3] In *Lindsey,* the United States Supreme Court held a portion of the Oregon Forcible Entry and Wrongful Detainer Statute unconstitutional as violative of equal protection. The statute required, in addition to the usual undertaking covering all damages which may be awarded on appeal, an undertaking for payment of twice the rental value of the premises from commencement of the action until final judgment on appeal. As the Court noted, this double bond requirement was unrelated to actual rent accrued or to specific damage sustained by the landlord. Moreover, in the event the judgment was affirmed on appeal, the entire double bond was forfeited.