### No. 28294

**Michele A. Callow v. Department of Revenue, State of Colorado, Alan N. Charnes, Executive Director, Colorado Department of Revenue; T. V. Middle, Jr., Supervisor, Corporate Audit Section, Colorado Department of Revenue**

(594 P.2d 1051)

Decided May 14, 1979.                                    Rehearing denied June 4, 1979.

514

Michele A. Callow, pro se.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Richard Forman, Assistant for defendants-appellees.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The taxpayer-appellant appeals the district court's determination that the mandatory bond requirement of section 39-21-105(4), C.R.S. 1973, does not violate her constitutional right to due process. We affirm.

The taxpayer filed a 1976 state income tax return which contained only her name, address, social security number and signature. In the blanks provided for information concerning income and for tax computation, the taxpayer inserted the word "object" and typed in the margins of the form her objections to making a return.

The Colorado Department of Revenue wrote the taxpayer, explaining the requirements for filing a proper Colorado income tax return, but she never filed a properly completed return. The department then exercised its authority pursuant to section 39-22-602, C.R.S. 1973, and filed a return on behalf of the taxpayer from information available to the department. An initial notice of deficiency was then issued to the taxpayer.

The taxpayer objected to the assessment but did not request an administrative hearing before the executive director. Since no administrative hearing was requested, the executive director issued a Notice of Final Determination and Assessment and demanded the payment of $271.04 in income tax.

The taxpayer filed, in Arapahoe County District Court, an appeal from this final determination. At no time, did she attempt to conform to the appeal procedures set out in section 39-21-105(4), by depositing the amount of tax claimed due with the executive director, or by posting bond.

She did, however, file a motion to waive the bond. Her stated basis for this motion was the conclusory claim that no appeal bond could constitutionally be required of her. She neither alleged facts nor introduced

evidence to show that she was indigent or unable to pay for the required bond or post the $271.04 asserted tax.

■ The district court concluded that the statutory alternative requirements of security as a prerequisite to appeal did not violate the taxpayer's constitutional due process rights. The court held that because the taxpayer had failed to meet the statutory prerequisites for an appeal, the court lacked jurisdiction to hear the appeal. We affirm.

■ The taxpayer has here presented broad and vague constitutional attacks upon the state income tax and against the appeal bond requirements of section 39-21-105(4), C.R.S. 1973. In effect the taxpayer raises an issue definitively disposed of in *Reed v. Dolan,* 195 Colo. 193, 577 P.2d 284 (1978), *i.e.,* whether the bond provision interferes with a taxpayer's "fundamental right" to appeal. In *Reed* we held that " . . . statutes requiring an appeal bond are ordinarily a valid exercise of legislative power since they do not restrict or deny the 'right' of appeal but merely regulate the manner of exercising it." 577 P.2d at 287.

The taxpayer has failed to show how the mandatory bond requirement burdens her in any way. She has alleged no substantial or logical reasons why she should not be required to meet the normal bond requirement. Apparently she objects, not just to the procedural prerequisites for appealing income tax assessments, but to the imposition of any state income tax at all. It is precisely in such cases that the use of the bond to deter frivolous appeals, to discourage appeals taken only for delay, and to obtain security for the payment of taxes is most reasonable. We hold that by failing to comply with the clear statutory prerequisites to the exercise of her right of appeal, the taxpayer lost that right.

Because the other issues raised by the taxpayer are not properly before this court, we do not consider them.

Accordingly, the district court's judgment is affirmed.