**AF PROPERTY PARTNERSHIP, Plaintiff–Appellee,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, and John J. Tipton, as Executive Director of the Department of Revenue, Defendants–Appellants.**

**No. 90CA1600.**

Colorado Court of Appeals, Div. I.

April 2, 1992.

Rehearing Denied July 30, 1992.

**1268**

Holme Roberts & Owen, R. Bruce Johnson, Garth B. Jensen, Denver, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Sherrie D. Vincent, Asst. Atty. Gen., Denver, for defendants-appellants.

Opinion by Judge TURSI.

In this action for judicial review of a use tax increased assessment, plus penalty and interest, the trial court waived the statutory requirement that AF Property Partnership (taxpayer) file a bond to perfect its right to judicial review and entered partial summary judgment in favor of taxpayer on the merits. The Department of Revenue by its executive director appeals. We affirm in part and reverse in part.

The following facts are derived from the record and are undisputed.

Taxpayer, a Colorado general partnership, is the managing general partner of Investment Hotel Properties, Ltd., (IHP) a Colorado limited partnership. When IHP purchased two hotels, taxpayer established sales and use tax accounts for the hotels. When providing information for the accounts, taxpayer represented to the department that it was the managing general partner of the partnership which owned the hotels and, that the name of the partnership was "Clarion Hotel Denver Airport," which operated under the same trade name, and also provided the department with the separate addresses of the partnership and of taxpayer.

Thereafter, taxpayer paid use tax to the department based on its assumed acquisition costs (book value) of the respective properties, rather than the value it used for depreciation purposes. Subsequently, one of the properties was returned to the previous owner under threat of foreclosure, and the other was retained by IHP only after the original purchase price was renegotiated and reduced.

In 1987, the department audited IHP records and issued a Notice of Deficiency to taxpayer and Clarion Hotel Denver. The notice, which was mailed to the address which taxpayer had provided for Clarion Hotel Denver Airport, assessed additional use tax, interest, penalty, and penalty interest arising primarily from the purchase of the tangible personal property used in the two hotels.

Taxpayer filed a timely protest on its behalf pursuant to the procedures set forth in § 39–21–103, C.R.S. (1991 Cum.Supp.). Equitech Hotel Joint Venture, IHP's other general partner and taxpayer's co-plaintiff in this action, paid under protest and also sought review. Taxpayer's notice of deficiency and Equitech's claim for refund were consolidated for purposes of hearing and final determination.

After hearing, the hearing officer issued his final determination denying Equitech's refund claims and finding taxpayer liable for the assessed use tax, interest, and one-half of the penalty. Taxpayer and Equitech then filed a timely notice of appeal of final decision in the district court pursuant to § 39–21–105, C.R.S. (1991 Cum.Supp.).

Following the filing of its complaint, taxpayer filed a motion requesting an extension of time within which to file the bond required by § 39–21–105(4)(a), C.R.S. (1991 Cum.Supp.). However, based on taxpayer's apparent inability to find a surety to secure the bond on its behalf, it requested the trial court to waive the bond requirement. This latter motion was based in part upon the ground that the mandatory bond requirement, as applied to indigents, violates equal protection of the law and due process. Taxpayer specifically contended that it was financially incapable of posting the bond, and, in support thereof, it submitted uncontroverted evidence to the trial court.

The department objected to both motions. Therefore, a hearing was conducted after which the trial court granted the motions and permitted taxpayer to proceed with its appeal without posting the bond.

The department sought relief in the nature of prohibition from our supreme court, requesting a determination that the trial court had exceeded its jurisdiction by waiving the statutorily-required bond and proceeding with taxpayer's appeal. The supreme court issued an order to show cause why the trial court's order should not be reversed, and initially made that order absolute. However, taxpayer's petition for rehearing was granted, and the rule to show cause was discharged as having been improvidently issued.

Taxpayer and the department then filed motions for summary judgment in the trial court. The partial summary judgment entered in favor of taxpayer on the merits was certified as final pursuant to C.R.C.P. 54, and this appeal was taken. Because the issues determined in the partial summary judgment do not concern Equitech, its claims before the trial court are not part of this appeal.

The department filed an untimely Motion to Certify to the Supreme Court pursuant to § 13–4–110(1)(a), C.R.S. (1987 Repl.Vol. 6A), after which the supreme court declined jurisdiction.

## I.

■ The threshold issue which we are asked to determine is whether the trial court exceeded its jurisdiction as a matter of law by waiving the bond requirement contained in § 39–21–105(4)(a) and proceeding to adjudicate the merits of the appeal. We conclude that it had jurisdiction to waive the bond.

Here, although a hearing was conducted on taxpayer's motion to waive the bond, the department failed to designate the transcript thereof as part of the record. The trial court's written order grants the motion for good cause shown, and a review of the record establishes that, in contrast to the taxpayers in *Reed v. Dolan*, 195 Colo. 193, 577 P.2d 284 (1978) and *Callow v. Department of Revenue*, 197 Colo. 513, 594 P.2d 1051 (1979), undisputed evidence in affidavit form of the taxpayer's inability to post the bond or to make the deposit required by statute was proffered to the trial court for its consideration.

Our disposition of this issue· does not constitute a determination either of the indigence or inability of the partnership to post bond, or of the harm, if any, incurred by the partnership as a result of the statutory bond requirement. Nevertheless, presuming as we must that the trial court properly found and concluded that taxpayer possessed standing and prevailed upon its constitutional challenges to the bonding requirement, we conclude that the trial court possessed jurisdiction to proceed with the appeal. *See Reed v. Dolan, supra, and Callow v. Department of Revenue, supra.*

Finally, our supreme court's discharge of its rule to show cause in the proceeding requesting relief in the nature of prohibition indicates that taxpayer's constitutional challenges are predicated upon factual is-

sues which we are not equipped to determine. Accordingly, we decline to address them as a matter of law. *See People v. Salazar,* 715 P.2d 1265 (Colo.App.1985); § 13–4–102(1)(b), C.R.S. (1991 Cum.Supp.).

## II.

■ Turning to the merits, we note that taxpayer in this case was granted summary judgment based upon its contention that a partner cannot be assessed for the tax liability of the partnership and be held liable therefor when the partnership has not been assessed use tax liability. The department now contends that the trial court erroneously entered summary judgment in favor of taxpayer. We agree.

■ When a trial court is presented with cross-motions for summary judgment, it is required to consider each motion separately, review the record, and determine whether a genuine dispute exists as to any material fact. If so, the trial court must deny each motion predicated upon disputed facts. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

When reviewing the propriety of a motion for summary judgment, we are required to determine whether there is a clear showing that there exists no issue of material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co., supra.*

In making this determination, we must resolve all doubts as to the existence of a triable factual issue against the moving party, *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985), and give the party against whom the motion is asserted the benefit of all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987).

A review of the record here establishes that a material factual question exists as to whether the partnership was assessed. Thus, because the trial court's legal conclusion is predicated upon its finding that the partnership was not assessed, the entry of summary judgment was erroneous.

The use tax statute in pertinent part provides:

There is imposed and shall be collected from every person in this state a tax or excise ... for the privilege of storing, using, or consuming in this state any articles of tangible personal property purchased at retail. Such tax will be payable to and shall be collected by the executive director of the department of revenue....

Section 39–26–202, C.R.S. (1991 Cum. Supp.).

■ Use tax liability depends upon use of property, not ownership. *Tri–State Generation & Transmission Ass'n v. Department of Revenue,* 636 P.2d 1335 (Colo. App.1981); *see J.A. Tobin Construction Co. v. Weed,* 158 Colo. 430, 407 P.2d 350 (1965).

Section 39–26–204, C.R.S. (1991 Cum. Supp.) sets forth the standards with which the department must comply when collecting use taxes. It specifically provides that in circumstances in which a person fails to make a return in payment of use tax as required, the department is authorized to estimate the amount due based upon available information. Thereafter,

the executive director shall give to the delinquent taxpayer written notice of such estimated taxes, penalty, and interest, which notice shall be sent by first-class mail directed to the last address of such person on file with the department of revenue.

Section 39–26–204(5)(a), C.R.S. (1991 Cum. Supp.).

■ In this case, the trial court found that IHP, the partnership, is liable for payment of use tax since it had used the tangible personal property. Accordingly, if the partnership is assessed for use taxes and incurs liability owing to its failure to protest liability, *see* §§ 39–21–103 and 39–21–105, C.R.S. (1991 Cum.Supp.) *and Liebhardt v. Department of Revenue,* 123 Colo. 369, 229 P.2d 655 (1951), taxpayer, as general partner of a limited partnership, is jointly and severally liable therefor. *See* §§ 7–62–403(2) and 7–60–115(1)(b), C.R.S. (1986 Repl.Vol. 3A); *Kaneco Oil & Gas,*

*Ltd., II v. University National Bank,* 732 P.2d 247 (Colo.App.1986).

Applying the foregoing standards, the trial court concluded that:

> the Department is without authority to assess a use tax against AF Property where AF Property did not store, use, or consume the tangible property in question. *Where no tax has been assessed against IHP, the Department may not assess a tax against AF Property, solely because of an alleged but unassessed liability of IHP.* (emphasis supplied)

However, contrary to the trial court's conclusion that the partnership had not been assessed, the evidence in the record establishes that (1) IHP owns the hotels which were audited (2) the contested notice of delinquency was directed to taxpayer *and* Clarion Hotel Denver, the entity designated by taxpayer as the partnership which owned the concern, and (3) this notice was mailed to the address designated by taxpayer as that of the hotel owner. It is likewise uncontested that taxpayer did not protest the assessment and instituted its complaint for judicial review on behalf of IHP or Denver Clarion Hotel.

Therefore, under circumstances in which the department mailed the notice of deficiency to taxpayer and the partnership designated by AF Property as the user, we conclude that a genuine issue of disputed material fact exists as to whether the partnership has been assessed. Accordingly, the trial court's entry of summary judgment was error. C.R.C.P. 56.

### III.

In the district court, taxpayer prevailed on its alternative argument that if it was liable for payment of use taxes, then such liability must be based upon the adjusted purchase prices of the hotels. The department now contends that the trial court erred as a matter of law by concluding that a taxpayer's use tax liability is not based upon the original acquisition price of personal tangible property.

Our consideration of this issue would be premature given the existence of disputed and genuine issues of material fact regarding taxpayer's alleged tax liability. *See* § 39–26–102(5), C.R.S. (1991 Cum.Supp.).

The partial summary judgment is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.

PIERCE and REED, JJ., concur.