**S. Dianne OVERSTREET, f/k/a S. Dianne Thompson, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE and Roxanne Huber, Executive Director of the Colorado Department of Revenue, Defendants–Appellees.**

No. 06CA1655.

Colorado Court of Appeals, Div. II.

Nov. 29, 2007.

As Modified on Denial of Rehearing Jan. 31, 2008.

Lohf Shaiman Jacobs Hyman & Feiger, P.C., Charles H. Jacobs, Stephen E. Kapnik, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Ana C. Bowman, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge FURMAN.

S. Dianne Overstreet (Taxpayer) appeals the district court's order dismissing her appeal from a final determination by the executive director of the Colorado Department of Revenue (Department) because she failed to comply with the mandatory bond provisions of section 39–21–105, C.R.S.2007. We affirm.

## I. Background

After Taxpayer and her husband dissolved their marriage and divided corporate stock held in the husband's name, Taxpayer realized a capital gain of $4,218,000 from the sale of her shares of the stock. In filing her 1999, 2000, and 2001 Colorado income tax returns, Taxpayer claimed capital gains subtractions pursuant to section 39–22–518, C.R.S.2007.

The Department disallowed the capital gains subtractions and issued notices of deficiency for all three tax years. Taxpayer protested the notices and requested a hearing with the executive director.

After the hearing, the executive director issued a final determination, finding Taxpayer was not entitled to the capital gains subtraction, waiving any interest owed, and ordering Taxpayer to pay $264,958.41.

Taxpayer timely appealed the final determination by filing a complaint in the district court pursuant to section 39–21–105(1), C.R.S.2007. However, she failed to comply with the requirement in section 39–21–105(4), C.R.S.2007, that she post a surety bond, or deposit with the executive director the amount of the tax claimed due, within fifteen days after filing the notice of appeal. She also failed to request an extension of time to file the bond. Instead, she filed a motion to waive the surety bond requirement, or for acceptance of substitute collateral, claiming she was unable to post the bond because she had "negligible cash and cash equivalents."

On September 22, 2005, the district court denied Taxpayer's motion, finding she was not indigent and had not provided the court with sufficient evidence showing she was unable to meet the statutory surety bond requirement.

Taxpayer filed a motion to reconsider the court's September 22, 2005 order. Again, she failed to request an extension of time to file the bond. The district court never ruled on the merits of her motion to reconsider.

On March 27, 2006, the Department filed a motion to dismiss the case, arguing Taxpayer's failure to comply with the surety bond requirement divested the district court of jurisdiction to hear the appeal. On June 29, 2006, the district court granted the Department's motion and dismissed the case.

Taxpayer appeals, contending (1) the district court erred in denying her motion to waive the surety bond requirement because she had "negligible cash and cash equivalents"; (2) she was not required to comply with the surety bond requirement until the district court had denied her motion to reconsider; and (3) she had statutory and constitutional rights to an appeal from the Department's final determination without the posting of a surety bond. We disagree, and affirm the judgment of the district court.

## II. Final Judgment

Initially, the Department contends Taxpayer's challenge of the September 22, 2005 order was not timely because the order was a final judgment that should have been appealed separately. We disagree.

C.R.C.P. 54(a) defines "judgment" as "a decree and order to or from which an appeal lies." A final judgment is "one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *In re Water Rights of Elk Dance Colorado, LLC,* 139 P.3d 660, 668 (Colo.2006)(quoting *E.O. v. People,* 854 P.2d 797, 800 (Colo.1993)).

The September 22 order was not a final judgment because it did not fully and finally

dispose of the civil action. It merely addressed whether the court would grant Taxpayer's motion to waive the surety bond requirement. If Taxpayer had fulfilled the statutory surety bond requirement after this order was announced, her appeal would have proceeded. The final order was not entered until the district court granted the Department's motion to dismiss Taxpayer's appeal.

## III. Inability to Pay

■ Taxpayer contends the district court erred in denying her motion to waive the surety bond requirement because she had "negligible cash and cash equivalents." The Department contends there is no exception to the bond requirement that would apply to Taxpayer. We agree with the Department.

■ Although section 39–21–105(4) requires posting of a surety bond "to exercise [a] right of appeal," *Callow v. Dep't of Revenue*, 197 Colo. 513, 515, 594 P.2d 1051, 1051 (1979), the district court has jurisdiction to waive this requirement in cases where the taxpayer shows he or she is "indigent" and "financially incapable of posting the bond." *See AF Prop. P'ship v. State, Dept. of Rev.*, 852 P.2d 1267, 1269 (Colo.App.1992).

■ We review for abuse of discretion a trial court's ruling on a taxpayer's motion to waive the surety bond requirement. *See Nikander v. Dist. Court*, 711 P.2d 1260, 1262 (Colo.1986)(reviewing for abuse of discretion a trial court's finding of indigency); *Hytken v. Wake*, 68 P.3d 508, 510 (Colo.App.2002)(reviewing for abuse of discretion a trial court's finding of whether a delay in filing a cost bond was a result of neglect or refusal). "An appellate court will find an abuse of discretion only where the trial court's findings and conclusions are so manifestly against the weight of the evidence in the record as to compel a contrary result, such that the trial court's ruling is manifestly arbitrary, unreasonable, or unfair." *Hytken*, 68 P.3d at 510.

We need not consider whether the grant of a waiver requires a finding of indigence or merely an inability to pay, because the district court determined, with ample evidence in the record, that Taxpayer provided sufficient evidence of neither.

Taxpayer's motion to waive shows her assets include two real estate properties in Denver; a Market Vision "stock sale/promissory note receivable" valued at $2,625,000, payable at $525,000 per year plus interest; about 500,000 shares of Client Logic common stock; 70% ownership in B–52 Real Estate LLC for real property located in Denver valued at $2,312,839 and yielding equity to Taxpayer of about $700,000; and 100% ownership in a bar and restaurant in downtown Denver.

Accordingly, we conclude the district court did not abuse its discretion in denying Taxpayer's motion to waive the surety bond requirement. *See AF Prop. P'ship*, 852 P.2d at 1269.

We do not consider whether Taxpayer was entitled to a hearing on the issue of her inability to meet the surety bond requirement, because she did not timely request such a hearing before the district court. *See Reed v. Dolan*, 195 Colo. 193, 197, 577 P.2d 284, 287 (1978) (where plaintiff did not request a hearing, he had to bear the burden of his failure to do so).

## IV. Motion to Reconsider

■ Taxpayer next contends she was not required to comply with the surety bond requirement until the district court denied her motion to reconsider. We disagree.

In *AF Property Partnership*, 852 P.2d 1267, a taxpayer filed in the district court a timely appeal of the Department's final determination, a motion to waive the bond requirement, and a motion for an extension of time to file the surety bond. A division of this court held that the district court had jurisdiction to consider a motion to waive the bond requirement. *Id.* at 1269. However, section 39–21–105(4) does not authorize a taxpayer to toll the statutory period by filing a motion to reconsider, and we are unaware of any other authority supporting Taxpayer's tolling argument. *See Jeffries v. Fisher*, 66 P.3d 218, 219–20 (Colo.App.2003) (no statute or regulation authorized filing of motion to reconsider; therefore, filing such a motion did not toll the statutory period for seeking judicial review). Accordingly, we conclude

Taxpayer's motion to reconsider did not toll the requirement of section 39–21–105(4), that she post the surety bond "[w]ithin fifteen days after filing the notice of appeal."

## V. Questions of Law

Taxpayer next contends she had statutory and constitutional rights to an appeal from the Department's final determination without the posting of a surety bond. Again, we disagree.

### A. Statutory Right

■ Taxpayer contends section 39–21–105(2)(b), C.R.S.2007, which provides that the "district court shall try the case de novo, reviewing all questions of law and fact," entitled her to a judicial review of the questions of law raised in her appeal without the posting of a surety bond. However, she cites no authority for the proposition that courts may dispense with the bond requirement when reviewing questions of law, and we are unaware of any such authority. For both questions of law and fact, the bond is "to obtain security for the payment of taxes." *Callow*, 197 Colo. at 515, 594 P.2d at 1051.

### B. Constitutional Rights

■ Taxpayer also contends section 39–21–105, as applied by the district court, violated her constitutional rights to due process and equal protection under the law. However, our supreme court has addressed and rejected similar constitutional attacks. *See Callow*, 197 Colo. at 515, 594 P.2d at 1051. The court stated in *Reed*, 195 Colo. at 197–98, 577 P.2d at 287,

> [S]tatutes requiring appeal bonds are ordinarily a valid exercise of legislative power since they do not restrict or deny the "right" of appeal but merely regulate the manner of exercising it.... Since the bond requirement in question here is to provide security for the payment of the final assessment made by the executive director (after a hearing, if requested), and only that portion of the bond related to the actual deficiency is retained, we hold this

condition on plaintiff's right of appeal is not unreasonable.

The order is affirmed.

Judge ROTHENBERG and Judge J. JONES concur.