## No. 13,020.

BROWN *v.* OHMAN ET AL.
(27 P. [2d] 588)

Decided November 27, 1933.

Mr. GILBERT A. WALKER, for plaintiff in error.

Messrs. GOODING & MONSON, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as below and for convenience we refer to them as plaintiff and defendants.

Plaintiff, owner of a town lot, 25 by 125 feet, in Steamboat Springs, alleged that defendants had dispossessed him of a strip 28 inches wide off the west side thereof, wherefore he demanded $230 damages. He brought this action in the county court and had judgment there. Defendants appealed to the district court, where they were successful, and plaintiff brings error. His contentions are: (1) That the appeal failed because the appeal bond was void; (2) that the appeal failed because the district court's order for an additional surety was not complied with; (3) that the judgment is unsupported by pleading or evidence.

1. The first appeal bond was for the sum of $100, was signed by defendants and one E. R. Larey, bore the justification of the latter, and was approved by the county judge. After it was filed, the county court, in an order reciting its filing and approval, granted the ap-

peal. The bond was attacked on the ground that there was no order of the county court fixing the amount of it. The court's action, above recited, was tantamount to such an order and the bond was good. However, the district court, acting under section 5623, C. L. 1921, fixed the amount at $100 and granted defendants leave to file a new bond. This they did, in form identical as the old and with the same signatures.

2. After the filing of the new bond the surety, Larey, died. This fact plaintiff, by motion, called to the court's attention. Thereupon defendants were given ten days to procure new bondsmen. It is said that they did not do so. It is asserted by their counsel however, is undenied, and is perfectly apparent from the record, that the new bondsman was J. W. Critchfield, and that, by error, he signed the first bond instead of the second. Following his signature appears the approval of the clerk of the district court. This then became the appeal bond in this case. Moreover, plaintiff raises this question for the first time in this court. He is too late. The power of the district court to enter its said order is clear. C. L. 1921, §5623; *Peters v. Peters*, 82 Colo. 503, 261 Pac. 874.

3. It is contended that, without sufficient pleading or proof, the court held plaintiff estopped. This contention is wholly without merit. The answer specifically alleges that the lot line complained of was established and fenced on plaintiff's demand and that, relying thereon, defendants made permanent improvements on the disputed strip. The evidence supports all this and more. It discloses that plaintiff contended for this line against defendants' protest; that he personally employed a surveyor who so located it; that he demanded the removal of the fence thereto and himself initiated, and assisted in, that removal; that it took him more than eight years to reach the conclusion that he was in error; and that the total value of this lot, for the deprivation

of 28 inches of which plaintiff says he has been damaged $230, is $100.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Campbell concur.