No. 25411

John Medina, Jr. v. The District Court for the County of Otero, in the Sixteenth Judicial District, State of Colorado, and The Honorable Lawrence Thulemeyer, a District Judge thereof

(493 P.2d 367)

Decided January 31, 1972.

Richard Ranson, for petitioner.

Lawrence Thulemeyer, pro se.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding wherein petitioner, Medina, seeks a writ in the nature of mandamus to compel the district court to grant petitioner leave to proceed in forma pauperis under 1965 Perm. Supp., C.R.S. 1963, 33-1-3. Suit initially was brought against petitioner in county court, but he counterclaimed in district court pursuant to R.C.C.C.P.313(b) and thereafter moved to proceed without payment of court costs. The trial court denied the motion.

█ Hearing on the motion was held in the district court wherein the undisputed evidence was that petitioner is married, has six children and is unemployed. He was attending school for half a day for which he receives $30 a month under the WIN program, and is also on welfare from which he receives $328 per month. In our view these circumstances show that petitioner was at or below the poverty level and establishes indigency as a matter of law. Finding by the trial court to the contrary is not supported by the record.

█ It is contended in answer to the show cause order that "* * * in the first instance, whether a litigant may commence or defend an action or proceeding without the payment of costs rests within the sound judicial discretion of the judge." *Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970). Consequently, it is argued that to reverse an order denying such a request we must conclude that the court "abused its discretion." The latter phrase has been given such varied interpretations we deem it necessary to clarify our view of the lower court action and we follow the persuasive rationale in *Eager v. Derowitsch,* 68 Wyo. 251, 232 P.2d 713 (1951) dealing with the expression "abuse of discretion." The Wyoming court said, quoting from *Barrett v. Broad River Power Co.,* 146 S.C. 85, 143 S.E. 650, as follows:

"We are sure that in many instances, in the years gone by, the rulings of presiding judges, in matters wherein they are given the right to exercise their discretion, were not interfered with because of the old unfortunate statement to the effect that it must be shown that there was an 'abuse of discretion.' Recently it has been shown time after time that the term 'abuse of discretion' does not mean any reflection upon the presiding judge, and it is a strict legal term, to indicate that the appellate court is simply of the opinion that there was commission of an error of law in the circumstances."

■ There is lengthy discussion in the record and in respondent's answer concerning the jurisdictional amount, and the possibility that petitioner's damages, if proven, might in reality be less than $500. See R.C.C.C.P. 313(b). In the pleadings the petitioner's counterclaim alleges damages and statutory penalties and prays for "$500 plus interest and costs, and such other relief as the Court deems just and proper." Damages are a matter of proof at the trial and we know of no rule, and none has been cited, whereby the court may determine in advance of filing whether the jurisdictional amount can be established.

The rule is made absolute.