Merrell N. COOK, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF WELD and the Honorable Robert A. Behrman, One of the Judges Thereof, Respondents.

No. 83SA166.

Supreme Court of Colorado, En Banc.

Oct. 11, 1983.

David G. Kroll, Greeley, for petitioner.

Robert A. Behrman, Dist. Judge, Nineteenth Judicial Dist., pro se.

LOHR, Justice.

The petitioner, Merrell N. Cook, brings this original proceeding under C.A.R. 21 to compel the Weld County District Court to grant his petition for leave to proceed in forma pauperis. The district court denied the petition because the relief requested in the tendered complaint is within the jurisdiction of the county court. We issued a rule to show cause why the petitioner should not be permitted to proceed in forma pauperis in the district court. We conclude that the court employed erroneous criteria in acting on the petition; therefore, we make the rule absolute in part and remand the case for further proceedings.

Cook is represented by an attorney for Colorado Rural Legal Services, Inc., who prepared a complaint on the petitioner's behalf to recover from his former employer $450 in wages and $154 in unreimbursed expenses. Based upon sections 8–4–104(3) and –114, C.R.S.1973, Cook also sought a $225 penalty and reasonable attorneys' fees because the employer allegedly failed to pay the wages on request. The complaint, a petition for leave to proceed in forma pauperis, and an affidavit in support of that petition were presented by the attorney to the district court clerk. The clerk refused to accept the papers for filing and referred the lawyer to the respondent chief district judge. The judge denied the petition to proceed in forma pauperis.

In a letter to Cook's counsel, the respondent judge outlined the reasons for his decision. The judge observed that the amount claimed in the complaint is less than the $5,000 jurisdictional limit of the county court [1] and "[t]he documents show no reason why the claim may not be litigated appropriately in the county court." Expressing the opinion that section 13–16–103, C.R.S.1973 (1982 Supp.), the statute authorizing waiver of costs for persons unable to pay them, gives a judge "considerable discretion," the respondent judge reasoned that it is permissible to "consider the availability of adequate alternative methods of pursuing a claim in exercising this discretion." The judge stated that he is guided by three considerations in exercising discretion under the statutory authorization: (1) assurance that "an indigent person has proper and adequate recourse to our courts"; (2) conservation of judicial resources; and (3) protection of defendants against vexatious use of the right of access to courts without payment of costs.

The respondent elaborated on the second criterion by saying that there is a "vast difference in cost to the public of litigation in the district court and that in the county court." Therefore, "in the absence of special circumstances there is no reason why indigent plaintiffs should not be expected to use [the county court] when appropriate." With respect to the criterion of vexatious use of the right of access to courts, the respondent stated that economic disincentives such as the higher docket fees and legal fees incident to litigation in district court must be considered by a solvent plaintiff in selecting his forum; however, "[a]n indigent plaintiff is largely exempt from these concerns and it is appropriate that some judicial guidance be substituted for

1. Section 13–6–104, C.R.S.1973 (1982 Supp.).

them." The respondent judge concluded that "the discretion of the court, in the absence of special circumstances, should be exercised so that litigation is directed to the least expensive forum appropriate to the claim asserted."

The respondent returned the tendered documents to the plaintiff with the suggestion that the case be filed in county court. We issued a rule to show cause in order to review the appropriateness of the judge's action.

 This case requires us to consider the scope of a judge's discretion in acting on a petition to proceed in forma pauperis.[2] The primary focus of our inquiry is section 13–16–103, C.R.S.1973 (1982 Supp.), authorizing waiver of costs for impecunious litigants. That section provides:

> If the judge or justice of any court, including the supreme court, is at any time satisfied that any person is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge or justice, in his discretion, may permit such person to commence and prosecute or defend an action or proceeding without the payment of costs; but, in the event such person prosecutes or defends an action or proceeding successfully, there shall be a judgment entered in his favor for the amount of court costs which he would have incurred except for the provision of this section, and this judgment shall be first satisfied out of any money paid into court, and such costs shall be paid to the

court before any such judgment is satisfied of record.

This statute expressly requires that a judge satisfy himself of the inability of a litigant to pay the costs and expenses of a civil action before granting a petition to commence and prosecute or defend an action without payment of costs. The statute states no other criteria to be considered in acting on such a petition. This is persuasive that, at least in the absence of factors such as bad faith or a plainly frivolous claim,[3] see C.A.R. 12(b), the legislature intended that the judge's discretion be limited to determining whether the petitioning party has the financial resources to pay the costs and expenses incident to the litigation. There is no suggestion in the present case that the petitioner's claim is frivolous or asserted in bad faith.

In support of his position that a judge may weigh broader considerations than financial condition in acting on a petition for waiver of costs, the respondent relies on *Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970), where we stated:

> From an analysis of the statute [the predecessor of section 13–16–103, identical in pertinent part to the current statute] it appears that, in the first instance, whether a litigant may commence or defend an action or proceeding without the payment of costs rests within the sound judicial discretion of the judge.

173 Colo. at 288, 477 P.2d at 794. In that case, however, we went on to say, "[t]he test of whether the litigant may 'commence and prosecute, or defend an action or pro-

2. Section 13–16–103, C.R.S.1973 (1982 Supp.), does not use the term "in forma pauperis." This phrase is commonly employed, however, to describe the petition for waiver of costs authorized by that statute, and we utilize it for that purpose in this opinion. Similarly, we sometimes use the terms "indigent" or "impecunious" to describe those individuals denominated "poor person[s]" in that statute.

3. The analogous federal statute, 28 U.S.C. § 1915 (1976), has been construed to limit the factors that a court may consider in acting on petitions in forma pauperis to the indigency of the petitioner and whether the claim is frivolous or asserted in bad faith. *Dillard v. Liberty*

*Loan Corp.,* 626 F.2d 363 (4th Cir.1980). *See also* 6 J. Moore, *Moore's Federal Practice* § 54.74 at 1506 (2d ed. 1983). The federal statute expressly authorizes a court to dismiss a case brought in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1976). The United States Supreme Court has held that this statute does not allow judges to deny petitions in forma pauperis because of a contingency fee agreement between lawyer and client. *Adkins v. DuPont Co.,* 335 U.S. 331, 343, 69 S.Ct. 85, 91, 93 L.Ed. 43 (1948).

ceeding *without the payment of costs'* depends upon whether the judge is satisfied that the litigant 'is a *poor person* and *unable to pay the costs and expenses thereof.'* " 173 Colo. at 288, 477 P.2d at 794 (emphasis in original).[4] *Almarez v. Carpenter* contains no suggestion that considerations other than a litigant's financial condition are relevant to the exercise of judicial discretion contemplated by section 13–16–103.

*Medina v. District Court,* 177 Colo. 185, 493 P.2d 367 (1972), also casts some light on the meaning of "discretion" as used in that statute. There, we made absolute a rule to show cause why a litigant should not be permitted to proceed in forma pauperis in district court, holding that the record did not support the trial court's finding that the petitioner was not indigent. Answering the respondent's argument based on *Almarez v. Carpenter* that the decision whether a litigant may commence or defend an action without payment of costs rests within the sound discretion of the trial judge, reviewable only for abuse, we held that "abuse of discretion" is a legal term reflecting the opinion of an appellate court that the trial judge committed an error of law in the circumstances. Thus, since the record did not support the trial judge's finding that the petitioner was not indigent, reversal was appropriate. *Medina v. District Court* contains no intimation that considerations other than a litigant's financial condition may be evaluated by a court in ruling on a motion for waiver of costs. *See generally Peck v. Farnham,* 24 Colo. 141, 143, 49 P. 364, 365 (1897).

■ The Colorado Constitution provides that district courts are courts of general jurisdiction. *Colo. Const.* Art. VI, § 9.

In contrast, the jurisdiction of county courts is left to legislative prescription. *Colo. Const.* Art. VI, § 17. The General Assembly has specifically vested the county courts with original jurisdiction concurrent with the district courts over claims up to $5,000. Section 13–6–104, C.R.S.1973 (1982 Supp.). The right of a plaintiff to select the forum for a claim less than $5,000 is not conditioned by constitution or by statute.[5] *See Ohmie v. Martinez,* 141 Colo. 480, 483, 349 P.2d 131, 132 (jurisdiction of county and district courts is concurrent with respect to matters that fall within the jurisdiction of both). Rather, the legislature has seen fit to permit a claimant to file such actions in district court unconstrained by considerations of whether the county court is an adequate forum for just resolution of the complaint and of any increased costs to the public incident to the district court adjudicative process. *Cf. Williams v. Speedster, Inc.,* 175 Colo. 73, 77, 485 P.2d 728, 730 (1971) (district court erred in dismissing $112 claim solely on the basis that it was within the county court's jurisdiction). Moreover, in reference to the first two criteria by which the respondent judge evaluated the petition to proceed in forma pauperis, section 13–6–104 does not differentiate between the rights of indigent and nonindigent litigants to bring actions for less than $5,000 in district court even though the county court may provide an adequate forum for an impecunious party's grievances and though the demand on judicial resources may vary dependent upon the forum selected.

■ There are sound reasons why a plaintiff might wish to select district court as the forum in which to litigate a claim for less than $5,000. Illustrative is the conten-

---

4. The discussion in which the quoted passages occur relates to resolution of the following question certified by the United States District Court for the District of Colorado: "Does [the predecessor to section 13–16–103] give an individual, found to be a pauper within the meaning of the statute, a right to a trial transcript without cost in order to prosecute an appeal?" We held that it does not, concluding that alternative methods of furnishing a trial court rec-

ord are available. *Almarez v. Carpenter, supra.*

5. The petitioner argues that to deny him access to district court would contravene *Colo. Const.* Art. VI, § 9, which provides that "district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil ... cases ...." We do not reach this contention, for we resolve this case on other grounds.

tion of the petitioner here that the more extensive discovery procedures available in district court are necessary because of the nature of his claim. *Compare* C.R.C.P. 26 to 37 *with* R.C.C.C.P. 326, 331 and 332. On the other hand, the simpler procedures in county court offer promise of a more expeditious resolution of a claim. Thus, forum selection decisions involve the weighing of countervailing considerations, a process which litigants, knowing the factual bases of their claims and acting with assistance of counsel, are best suited to conduct. Non-indigent plaintiffs are unfettered in their choice of the court in which to bring an action for less than $5,000. We find nothing in section 13–16–103 to indicate that the legislature intended to constrain that choice when a civil action or proceeding is commenced by a poor person.

In the absence of any suggestion in section 13–16–103 or in the constitutional or statutory provisions concerning the jurisdiction of courts that a judge may consider the factors relied on by the trial judge here in ruling on a petition to proceed in forma pauperis, we hold that consideration of these factors is unauthorized.[6] Because the court did not determine whether the petitioner is a poor person and unable to pay the costs and expenses of the civil action, this case must be remanded so that the judge may reconsider the petition based on his evaluation of the petitioner's current financial condition.[7]

We make the rule absolute in part and remand this case for further proceedings consistent with the views expressed in this opinion.

6. It may be that, in factual settings not involved here, vexatious use of the right of access to the courts—the third criterion employed by the trial court—might constitute a form of bad faith, cognizable by a trial court in ruling on a petition to proceed in forma pauperis.

7. The parties have argued whether a legislative decision to deny poor persons the same unrestricted choice in the selection of a court as is permitted to persons with means would violate the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution; Article II, § 6 of the Colorado Constitution (equality of justice); and Article VI, § 9 of the Colorado Constitution (jurisdiction of district courts) (see footnote 5, *supra*). Our holding that section 13–16–103 limits the exercise of a judge's discretion to determining whether a person seeking waiver of costs is unable to pay the costs and expenses of the proceeding makes it unnecessary to address the constitutional questions.