**William HART, Plaintiff–Appellant,**

v.

**Christina SCHWAB and James Schwab, Defendants–Appellees.**

No. 98CA0036.

Colorado Court of Appeals, Div. A.

June 10, 1999.

Certiorari Denied Jan. 18, 2000.

Irwin & Boesen, P.C., Brad R. Irwin, Michael J. Dohr, Denver, Colorado, for Plaintiff–Appellant.

Bayer, Carey & McGee, P.C., Laura Tighe, Peter M. Spiessbach, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge METZGER.

In this action to recover damages for personal injuries, plaintiff, William Hart, appeals

the judgment entered on a jury verdict in favor of defendants, Christine and James Schwab. After the notice of appeal was filed, defendants filed a motion asking that we order plaintiff to post a sufficient appeal bond. We deny the motion and affirm the judgment.

Plaintiff sought damages resulting from a 1993 collision with the defendants' vehicle. Defendants admitted negligence, leaving the issues of causation and damages for trial. On the causation issue, defendants alleged that plaintiff's injuries predated the accident at issue.

At trial, extensive evidence was presented regarding plaintiff's medical condition before the collision. Plaintiff testified that, although he had had prior work-related accidents, his injuries from those accidents had not resulted in any permanent disability.

However, defendants presented evidence that, before the collision, plaintiff's disability from those accidents had precluded him from returning to any of the jobs he had previously held, all of which had involved manual labor. Further, defendants presented evidence that plaintiff had not worked between 1989, when he was involved in his most recent accident, and the 1993 collision at issue here.

After trial, the jury found that, although plaintiff had incurred damages, they were not caused by the defendants' negligence, and it returned a verdict in favor of defendants. After reviewing defendants' bill of costs, the trial court entered judgment in favor of defendants for $6,384.51, their costs incurred in the trial court.

After trial, in response to the defendants' "Motion for Bond on Costs," the trial court ruled that an appeal bond pursuant to C.A.R. 7 should be set at $6,384.51, the amount of the judgment entered on defendants' bill of costs, "in order to secure the payment of costs if Plaintiff's appeal is dismissed or the Court's judgment denied." Plaintiff filed a cost bond only in the amount of $250.

## I.

We address first the defendants' "Motion to Require Sufficient Appeal Bond," filed after this case was at issue.

We asked the parties to submit supplemental briefs on the relationship between § 13–1–110, C.R.S.1998, and C.A.R. 7 as they pertain to appeal bonds posted by in-state litigants. Defendants argue that, because C.A.R. 7 grants a trial court discretion to fix an amount different from $250 for costs on appeal, and because the trial court here properly exercised its discretion in setting the bond for costs on appeal at $6,834.51, § 13–1–110 authorizes this court to require plaintiff to post $6,834.51 as a bond for costs on appeal and, if plaintiff fails to do so, to dismiss the appeal.

Plaintiff argues, on the other hand, that while C.A.R. 7 does give a trial court discretion to require an appeal bond different from $250, that bond must be based on the court's assessment of costs on appeal. He argues that he should not be required to post a bond for $6,834.51, that the $250 he has posted is sufficient, and that we should deny defendants' motion. We agree with plaintiff.

In appellate procedure there are two bonds, each having a distinct purpose, function, and requirements.

The first type of bond is a supersedeas bond. This bond stays execution on the trial court's judgment, *see Monks v. Hemphill,* 119 Colo. 378, 203 P.2d 503 (1949), and must be posted in order to obtain such a stay. *Muck v. Arapahoe County District Court,* 814 P.2d 869 (Colo.1991); *see also* C.R.C.P. 62 and C.A.R. 8. Determination of the amount and form of a supersedeas bond rests in the trial court's broad discretion. However, as the United States Circuit Court for the District of Columbia stated:

Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable.

*Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755, 760–761 (D.C.Cir.1980).

Normally, an application for a supersedeas bond is made initially in the trial court, although a request for such bond may be made in the appellate court if the trial court has not granted the requested relief or if application to the trial court for such relief would not be practicable. C.A.R. 8; C.R.C.P. 62.

The other type of bond is a cost bond. C.A.R. 7, setting out the requirements for costs on appeal in civil cases, provides in pertinent part:

> Unless an appellant is exempted by law, or has filed a supersedeas bond or other undertaking which includes security for the payment of costs on appeal, in civil cases a bond for costs on appeal or equivalent security shall be filed by the appellant in the trial court with the notice of appeal; but security shall not be required of an appellant who is not subject to costs. The bond or equivalent security shall be in the sum or value of $250 unless the trial court fixes a different amount. A bond for costs on appeal shall have sufficient surety, and it or any equivalent security shall be conditioned to secure the payment of costs if the appeal is finally dismissed or the judgment affirmed, or of such costs as the appellate court may direct if the judgment is modified. If a bond or equivalent security in the sum or value of $250 is given, no approval thereof is necessary. After a bond for costs on appeal is filed, an appellee may raise for determination by the clerk of the trial court objections to the form of the bond or to the sufficiency of the surety. . . .

■ In general, posting of this bond is mandatory. C.A.R. 7. However, unlike a supersedeas bond, which almost always includes at least an amount equal to the judgment in the trial court, the purpose of a cost bond is only to give security for costs on appeal as described in C.A.R. 39. Thus, C.A.R. 7 provides that $250 is usually a sufficient amount for a cost bond. As is the

case with a supersedeas bond, application for the initial cost bond, or a request for any modification of its terms, should be made in the first instance to the trial court. *Caldwell v. Armstrong,* 642 P.2d 47 (Colo.App.1981).

Section 13–1–110 does not specifically mention either a supersedeas or a cost bond; it employs only the term "appeal bond." Thus, we must determine whether that statute grants us the authority to consider defendants' "Application for Order to Require Sufficient Appeal Bond Pursuant to C.R.S. 13–1–110." We conclude that it does.

The predecessor to § 13–1–110 was enacted in 1919, but the statute has remained virtually unchanged since then. It provides a mechanism for an appellate court to review and correct an inadequate appeal bond. *Brown v. Ohman,* 93 Colo. 561, 27 P.2d 588 (1933).

Section 13–1–110 provides:

> If, at any time pending an appeal in any action, suit, or other proceeding, it appears to the appellate court that the appeal bond or undertaking is defective or insufficient or that any surety thereon has died, or has removed or is about to remove from this state, or has become or is likely to become insolvent, such appellate court shall order another appeal bond or undertaking, or such other and further security as to the appellate court seems proper, if the appellant or his attorney of record has been served with at least twenty-four hours' written notice of an application of the appellee for such order. If the appellant fails to comply with said order within ten days after making of the same, the appeal shall be dismissed.

Historically, an appellate court had no jurisdiction of an appeal unless the appellant filed an appeal bond and that bond was approved by the court. *See* Mills Stat. Ann. 1907 § 388, at 278; *State Bank v. Plummer,* 46 Colo. 71, 102 P. 1082 (1909). The appeal bond was calculated as two times the amount of the judgment, and its purpose was to secure the judgment and costs on appeal.

When the bond was filed, the clerk of the court issued a "supersedeas" to halt execution on the judgment. Mills Stat. Ann.1912 § 1554.

However, under today's procedures, the only mandatory bond for an appeal to the court of appeals is the cost bond required by C.A.R. 7. And, posting of that bond may be waived if the appellant is indigent. *In re Marriage of Delahoussaye*, 924 P.2d 1210 (Colo.App.1996); *cf. Bell v. Simpson*, 918 P.2d 1123 (Colo.1996). In contrast, under current procedure, if a permissive stay of execution on a judgment is obtained, in either the district court or the court of appeals, it is ordinarily secured with a supersedeas bond. *See* C.R.C.P. 62; C.A.R. 8; *Muck v. Arapahoe District Court, supra.*

We conclude that § 13–1–110 is applicable to appeals to this court and that the term "appeal bond," as used in that statute, means the cost bond described by C.A.R. 7. The language of the rule contemplates a mandatory bond; that, as we have explained, must be the cost bond and not the supersedeas bond. Additionally, since the penalty for noncompliance with § 13–1–110 is dismissal of the appeal, it follows that a supersedeas bond, which is required only if a stay of execution is sought, does not fall within the ambit of the statute.

Having determined that we have the authority under § 13–1–110 to rule on defendants' motion, we must next determine whether it is appropriate to exercise that authority and to require plaintiff to post a cost bond of $6,384.51, the amount set by the trial court. We decline to do so; rather, we conclude that the trial court abused its discretion in setting the amount of the cost bond here at the amount of the judgment entered on defendant's bill of costs in the trial court.

C.A.R. 7 permits the trial court to set a bond for costs on appeal at more than $250. However, these costs on appeal, as set out in C.A.R. 39(c), consist of the appellate docket fee and some other, limited costs. On the record before us, there is no basis either to set the cost bond in an amount identical to the trial court judgment, or to conclude that appellate costs here will exceed $250.

Consequently, we determine that plaintiff's $250 bond is sufficient to secure any costs on appeal, and thus, we deny defendants' motion.

II.

On appeal, plaintiff contends the court erred in admitting an accident report regarding an automobile accident in which he had allegedly been involved and which occurred after the accident at issue here. Plaintiff now characterizes the report as incompetent, misleading, and confusing. Our review of the record convinces us that the issue was not preserved for appellate review.

In order to preserve an issue for appeal, the objection in the trial court must be specific and definite. CRE 103(a)(1); *Sandoval v. Daniels*, 532 P.2d 759 (Colo.App.1974). This rule enables the trial court to rule intelligently on the objection and affords opposing counsel an opportunity to propose alternatives that address the concerns underlying the objection. *Howlett v. Greenberg*, 539 P.2d 491 (Colo.App.1975).

Here, plaintiff failed to object to the admission of the contents of the report, and his objection to admission of the report itself was not founded on the bases he asserts on appeal. Thus, this issue is not properly preserved for appeal and we will not address it.

The motion is denied and the judgment is affirmed.

Judge PLANK and Judge VOGT concur.