Thomas E. RODDEN, Petitioner,

v.

COLORADO STATE PENITENTIARY (J. Doe, unknown name), Respondent.

No. 01SC249.

Supreme Court of Colorado, En Banc.

March 25, 2002.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado, Attorneys for Petitioner.

Ken Salazar, Attorney General, Paul S. Sanzo, First Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

1. The issue on certiorari is: Whether the district court erred in dismissing petitioner's appeal because he was unable to post a $250 appeal bond

PER CURIAM.

We took this case on certiorari to the District Court for Fremont County (District Court) to review its order dismissing the appeal of Thomas E. Rodden (Rodden) from a judgment the Fremont County Court (County Court) entered against him.[1] Acting pro se, Rodden had filed suit in the County Court alleging that an unknown officer of the Department of Corrections (John Doe) had entered his cell at the Colorado State Penitentiary, while he was absent for medical reasons, and removed personal effects, including legal papers pertaining to the case that resulted in his imprisonment, all of which were apparently destroyed. Rodden filed a grievance with the Department of Corrections; the administrative officials denied his request for relief. He then filed suit in the County Court for violation of his civil rights and destruction of his property. The County Court dismissed the action on a number of procedural grounds, including failure to comply with the notice requirements of the Colorado Governmental Immunity Act, § 24–10–101 *et seq.*, 7 C.R.S. (2001), and ordered Rodden to pay attorneys fees to the State in the amount of $100.00, together with costs and interests, for having brought a frivolous and groundless suit.

Rodden filed a notice of appeal and designation of the record and sought an order from the County Court, in light of his indigency, allowing him to proceed with the appeal in forma pauperis. The County Court determined that Rodden was "indigent and is not capable of paying a filing fee on appeal." The County Court entered an order allowing Rodden to proceed in forma pauperis but also required him to post an appeal bond for costs with the Clerk of the Combined Courts, in the amount of $250.00. Because Rodden did not post the appeal bond, the District Court dismissed Rodden's appeal.

Upon briefing and oral argument, the Attorney General agrees with Rodden's counsel that our decision in *Bell v. Simpson,* 918 P.2d 1123 (Colo.1996), controls our decision and

ordered by the county court at the same time it found that he was indigent.

requires us to reverse the District Court's order dismissing Rodden's appeal for failure to post the appeal bond for costs.

We agree that the District Court and the County Court erred. Having found that Rodden was indigent, was incapable of paying a filing fee on appeal, and was qualified to pursue his appeal in forma pauperis, the County Court should not have conditioned the appeal on Rodden posting a cost bond. *See Bell*, 918 P.2d at 1127 (holding that "the plain language of section 13–16–103(1) requires a judicial officer of *any* court, trial or appellate, to permit an indigent plaintiff to exercise the statutory right of appeal without payment of costs")(emphasis in original).

The District Court erred in dismissing the appeal for failure to post a cost bond. Accordingly, we reverse the District Court's order dismissing Rodden's appeal, and we remand this case to the District Court for further proceedings consistent with this opinion.