**In Re: Kevin O'DONNELL and Renee Bryant, Defendants**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff.**

**No. 07SA296.**

Supreme Court of Colorado,
En Banc.

June 9, 2008.

Ralph Ogden, Wilcox & Ogden, P.C., Robert K. Reimann, James E. Freemyer, P.C., Denver, Colorado, Attorneys for Defendant, Renee Bryant.

Roger Moore, Dwight Pringle, Tony K. Alexander, Law Office of Roger Moore, Denver, Colorado, Attorneys for Plaintiff.

No appearance by or on behalf of Kevin O'Donnell.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. Introduction

At issue in this case is whether an indigent defendant must post a judgment bond as a precondition for appealing an adverse money judgment from the county court to the district court. Petitioner Renee Bryant argues that section 13–16–103, C.R.S. (2007), allows her as an indigent party to appeal the default judgment obtained against her by Respondent State Farm Mutual Automobile Insurance Company ("State Farm") without first having to post a judgment bond. Bryant thus asks this court to overturn the district

court's ruling that section 13–6–311, C.R.S. (2007), and C.R.C.P. 411 require without exception that all appealing county court defendants post a judgment bond. Exercising our original jurisdiction pursuant to C.A.R. 21, we issued a rule to show cause and now make that rule absolute.

We hold that a county court party found to be indigent and allowed to proceed in forma pauperis is not required to post a judgment bond before appealing to the district court. However, as with appeals from the district court to the court of appeals, the prevailing party in the county court would be able to execute the judgment while the appeal is still pending because the judgment would not have been stayed by a judgment bond. This interpretation of section 13–6–311 and C.R.C.P. 411 properly reflects section 13–16–103's requirement that court costs be waived for indigent parties. It is also consistent with our wide range of case law in other appellate proceedings waiving appellate fees like judgment bonds for indigent parties.

## II. Facts and Procedural History

This case arose from a traffic accident in which the car Kevin O'Donnell was driving struck a car insured by State Farm. Although Bryant now disputes this, the county court found that O'Donnell was driving Bryant's uninsured vehicle with Bryant's permission at the time of the accident.[1]

State Farm sued O'Donnell and Bryant in county court. State Farm claimed that it served Bryant with papers, but Bryant contends that she was never served and she does not match the description of the person allegedly served. In any event, Bryant did not respond to the complaint, and the county court entered a default judgment against her and O'Donnell for $4,450.65.

When Bryant later learned of the default judgment, she moved to set it aside because she was never served with the complaint. The county court denied the motion, and Bryant filed a notice of appeal. Bryant also moved, pursuant to Chief Justice Directive 98–01 ("C.J.D. 98–01"), to proceed in forma pauperis, a request which was granted by the county court.

Bryant then attempted to appeal to the district court without first posting the required cost bond or judgment bond with the county court,[2] believing that both were waived because she was indigent. However, State Farm argued that under section 13–6–311(1)(a) and C.R.C.P. 411(a), which govern appeals from the county court, an indigent party's cost bond could be waived because the party was indigent, but the judgment bond required for all parties[3] challenging an adverse money judgment from the county court could not be waived. The county court agreed with State Farm's legal interpretation, and thus ruled that Bryant, even though indigent, must post a judgment bond, albeit for a discounted total of $1500, in order to proceed with her appeal.

Bryant then moved in the district court to proceed in forma pauperis and to have the

---

1. Bryant asserts that she had sold the car to O'Donnell prior to the accident.

2. There are two types of bonds at issue in this case: judgment bonds and cost bonds. *See generally* Martin D. Beier, *Bonds in Colorado Courts: A Primer for Practitioners*, Colo. Law., Mar. 2005, at 59, 61, 64 (describing the different bonds used in Colorado courts). A judgment bond, known as a supersedeas bond when appealing from the district court to the court of appeals, is posted by a judgment debtor with the district court upon appeal and serves to postpone the execution of the judgment while the appeal is pending. *See* C.R.C.P. 62(d); C.R.C.P. 362(b); *Hart v. Schwab*, 990 P.2d 1131, 1133 (Colo.App.1999); Beier, *supra*, at 64. Otherwise, because a judgment is presumed valid, the judgment creditor can pursue collection of the judgment while the case is being appealed. *See Hart*, 990 P.2d at 1133,

1135; Beier, *supra*, at 62, 64. Although the specific amount of the bond is at the court's discretion, it is normally for the full amount of the underlying judgment. *See Hart*, 990 P.2d at 1133.

The other bond at issue is a cost bond. This bond secures the court's costs in handling the appeal. *See Bell v. Simpson*, 918 P.2d 1123, 1127 (Colo.1996); *Hart*, 990 P.2d at 1134; *see also* § 13–16–122, C.R.S. (2007) (listing illustratively the possible court costs that a court can assess). It is normally for a nominal amount. *See Hart*, 990 P.2d at 1134.

3. The party appealing an adverse money judgment will generally be the defendant, although it is possible that the plaintiff could be appealing an adverse money judgment if the defendant had successfully prevailed on a counterclaim for damages.

judgment bond requirement waived. The district court found that Bryant was indigent, but that State Farm and the county court were correct that section 13–6–311(1)(a) and C.R.C.P. 411(a) required all parties appealing from an adverse money judgment to post a judgment bond, even when the party was indigent.

Pursuant to C.A.R. 21, Bryant then filed a petition in this court for a rule to show cause, arguing that unless the district court's ruling is reversed, she cannot prosecute her appeal solely because she is indigent and unable to afford the judgment bond.

### III. Analysis

The issue before this court is whether an indigent party challenging an adverse money judgment from the county court must post a judgment bond in order to appeal.

Bryant contends that a judgment bond is a court cost that is waived for indigent parties, citing section 13–16–103, C.J.D. 98–01, the access to courts clause in the Colorado Constitution's article II, section 6, and our decisions in *Bell v. Simpson,* 918 P.2d 1123 (Colo. 1996), and *Rodden v. Colorado State Penitentiary,* 52 P.3d 223 (Colo.2002). State Farm, echoing the district court, argues that the language of both section 13–6–311 and C.R.C.P. 411 is clear that a judgment bond is mandatory, even for indigent parties, and that our prior case law in *Bell* and *Rodden* is inapposite because those cases dealt with cost bonds, not judgment bonds.

We reject State Farm's argument. We hold that judgment bonds are waived for indigent parties appealing from the county court. Although section 13–6–311 and C.R.C.P. 411 arguably contain language requiring that a judgment bond be posted for all appealing parties without exception, this statutory interpretation would not give effect to the legislative intent in enacting section 13–16–103 that instructs courts to waive cer-

tain costs for indigent parties.[4] Instead, a harmonious interpretation of sections 13–16–103 and 13–6–311 is that judgment bonds are not a third-party cost, and thus the judgment bond requirement for appealing from the county court may be waived for indigent parties. However, an indigent party whose judgment bond has been waived will as a result not have the execution of the judgment stayed for the pendency of the appeal. This interpretation is consistent with our case law in *Bell* and *Rodden* concerning county court appeals. Moreover, we have held in the past that judgment bonds and filing fees required in other Colorado appellate proceedings are waived for indigent appellants even when the statute at issue also arguably includes language mandating that all appellants pay the costs as a precondition for pursuing the appeal.

We begin our analysis by examining the statutory language and our previous case law on appeals from the county court, and conclude that judgment bonds can be waived for indigent parties. We then confirm the consistency of our conclusion here with our previous holdings permitting the waiver for indigent parties of a wide range of Colorado appellate cost requirements.

### A. Statutory Analysis and Relevant Case Law Regarding Appeals from the County Court

We first consider the statutes, procedural rule, Chief Justice directive, and case law relevant to the issue of waived costs for indigent parties in county court appeals.

The goal in construing statutes is to ascertain and give effect to the General Assembly's intent. *In re Crow v. Penrose–St. Francis Healthcare Sys.,* 169 P.3d 158, 165 (Colo.2007). We initially look to the statutory language to ascertain that intent. *Id.* If the language is ambiguous or conflicts with other provisions of the statute, we will

---

**4.** Section 13–16–103 derives from article II, section 6 of the Colorado Constitution, which states that "Courts of justice shall be open to every person,...." *See Bell,* 918 P.2d at 1127; *Almarez v. Carpenter,* 173 Colo. 284, 289, 477 P.2d 792, 792 (1970). Bryant argues—and we agree—that section 6 could form the basis for our holding

today. However, as in past cases, *see Bell,* 918 P.2d at 1127, we instead rest our holding on section 13–16–103's statutory language, mindful that we should not decide a constitutional issue unless the necessity for that decision is clear and inescapable. *See People v. Lybarger,* 700 P.2d 910, 915 (Colo.1985).

resort to other tools of statutory interpretation. *Id.* To effectuate the General Assembly's intent, we will read and consider the statute as a whole, giving consistent, harmonious, and sensible effect to all parts. *Id.*

The first statute at issue is section 13–6–311, which sets out the procedure for appeals from the county court. It reads in relevant part:

(1)(a) If either party in a civil action believes that the judgment of the county court is in error, he may appeal to the district court by filing notice of appeal in the county court within fifteen days after the date of entry of judgment and *by filing within the said fifteen days an appeal bond with the clerk of the county court.* The bond shall be furnished by a corporate surety authorized and licensed to do business in this state as surety, or one or more sufficient private sureties, or may be a cash deposit by the appellant and, if the appeal is taken by the plaintiff, shall be conditioned to pay the costs of the appeal and the counterclaim, if any, *and, if the appeal is taken by the defendant, shall be conditioned to pay the costs and judgment if the appealing party fails.* The bond shall be approved by the judge or the clerk.

(b) Upon filing of the notice of appeal, *the posting and approval of the bond,* and the deposit by the appellant of an estimated fee in advance for preparing the record, *the county court shall discontinue all further proceedings and recall any execution issued.* The appellant shall then docket his appeal in the district court.

§ 13–6–311(1)(a)–(b) (emphasis added). The language of C.R.C.P. 411(a) is substantially identical to section 13–6–311. *See Bell,* 918 P.2d at 1127 n. 8.

At first glance, it appears that State Farm's statutory interpretation could be correct. The statute and corresponding procedural rule do not include any language excepting an indigent party from the requirement that a judgment bond be posted by an appealing defendant from the county court before the appeal can be docketed in the district court. However, as in *Bell,* we note that the statute does not specifically address the question of whether an indigent party, having been "excused from paying costs associated with county court litigation, must nevertheless post an appeal bond for costs [and here, judgment] in order to perfect an appeal to the district court from an adverse county court judgment." *See id.* at 1126. Moreover, we hesitate to interpret a procedural rule "in isolation from relevant legislative direction," *id.,* in this case, regarding the waiver of costs for indigent parties.

■ Thus, we must consider section 13–6–311(1)(a) in the context of section 13–16–103 and C.J.D. 98–01. Section 13–16–103 allows the court to waive any costs owed to the court by an indigent party:

If the judge or justice of any court, including the supreme court, is at any time satisfied that any person is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge or justice, in his discretion, may permit such person to commence and prosecute or defend an action or proceeding without the payment of costs; . . . .

Thus, in enacting section 13–16–103, the legislature has enabled indigent litigants to prosecute or defend civil actions without payment of costs. *Bell,* 918 P.2d at 1127. This right also extends to appeals. *Id.*

Pursuant to section 13–16–103, C.J.D. 98–01 details what costs can and cannot be waived for an indigent party at the discretion of the court.[5] Costs that cannot be waived are those owed to a person or entity other than the state, which arise "in the course of 'prosecuting or defending' a civil action or special proceeding." C.J.D. 98–01(III). These third-party costs include transcript fees (paid to the court reporter), witness fees (paid to the witness), and process server fees (paid to the sheriff or a third-party server). *See id.* Costs that can be waived are those owed to the state, including filing, reasonable copy, jury, and research fees. *Id.* at (IV); *see also Leidal v. Brunell,* 985 P.2d 102, 104

---

5. *See generally* Barbara G. Chamberlain, *Motions in Forma Pauperis: The First Step in Access to* Justice, Colo. Law., Apr. 1999, at 29, 29 (discussing C.J.D. 98–01 and section 13–16–103).

(Colo.App.1999). However, the directive does not state whether cost or judgment bonds can be waived.

We have applied section 13–16–103 (and its predecessor) three times to appeals from the county court by indigent parties. In *Almarez v. Carpenter*, an indigent plaintiff sought to receive free transcripts, arguing that they were required in order to pursue the appeal. 173 Colo. 284, 287–88, 477 P.2d 792, 793–94 (1970). The court, applying the predecessor statute to section 13–16–103, held that it could not waive transcript fees because the statute only allowed the court to waive its own costs, and transcript fees were owed to the court reporter who prepared the transcript. *Id.* at 288–89, 477 P.2d at 794.

In *Bell*, we considered at length the relationship between sections 13–16–103 and C.R.C.P. 411.[6] There, the issue was whether an indigent plaintiff had to post a cost bond as a precondition for filing his appeal from the county court. 918 P.2d at 1124. The county court had ruled that the plaintiff had to post a cost bond because C.R.C.P. 411(a)'s language was mandatory and without an exception for an indigent party. *Id.* at 1126.

Although acknowledging that the rule did not include any specific language excepting indigent parties from the cost bond requirement, we stated that we could not construe a procedural rule "in isolation from relevant legislative direction." *See id.* "This is especially true when the legislative policies are similar to policies reflected by our rules of procedure in general." *Id.* This court then looked to section 13–16–103 and found that the legislative policy expressed there was that "litigants determined to be indigent may proceed or defend civil actions without payment of costs." *Id.* at 1127. We then concluded that C.R.C.P. 411's requirement of a cost bond had to be read together with section 13–16–103's requirement of the indigent's access to courts through the waiving of court costs:

In our view, the plain language of section 13–16–103(1) requires a judicial officer of *any* court, trial or appellate, to permit an indigent plaintiff to exercise the statutory right to appeal without payment of costs. It would be at best anomalous if an indigent plaintiff were accorded access to the judicial process without payment of costs for purposes of filing a civil action but denied such access to obtain legislatively provided appellate review of an erroneous trial court judgment. At worst, such a construction of C.R.C.P. 411(a) could undermine the right of access to judicial processes established by the General Assembly in furtherance of article II, section 6, of the Colorado Constitution.

*Id.* We then reasoned that nothing in C.R.C.P. 411 indicated a legislative policy that was contrary to the policy affording indigents access to courts that was expressed in section 13–16–103. *Id.*

In sum, we held in *Bell* that section 13–16–103 modifies C.R.C.P. 411 and section 13–6–311 by allowing indigent county court plaintiffs to appeal to the district court without posting a cost bond. *See id.* We have since affirmed this holding in *Rodden*, 52 P.3d 223. There, in a brief, per curiam decision, we held that the county court erred in requiring an indigent plaintiff to post a cost bond in order to appeal to the district court. *See id.* at 223–24 ("Having found that [the plaintiff] was incapable of paying a filing fee on appeal, and was qualified to pursue his appeal in forma pauperis, the County Court should not have conditioned the appeal on [the plaintiff] posting a cost bond.").

The issue here is whether the rule of *Bell* and *Rodden* applies not just to indigent plaintiffs appealing from the county court who must post a cost bond, but also to indigent defendants seeking appeals who must post a judgment bond as well as a cost bond. While acknowledging the holdings in *Bell* and *Rodden*, State Farm argues that they should be limited to indigent plaintiffs and not ex-

---

**6.** *Bell's* reasoning dealt primarily with the tension between C.R.C.P. 411 and section 13–16–103 because the lower courts had analyzed the procedural rule rather than the substantially identical language in section 13–6–311. *See Bell*, 918 P.2d at 1126–28. However, *Bell* made it clear that the opinion's analysis of C.R.C.P. 411's supposedly mandatory bond requirement in light of section 13–16–103's legislative intent applied with equal force to section 13–6–311's identical bond requirement. *See id.* at 1127 n. 8.

tended to indigent defendants because judgment bonds are third-party costs, which section 13–16–103, C.J.D. 98–01, and *Almarez* state cannot be waived. Bryant, on the other hand, argues that it violates principles of statutory interpretation to read sections 13–6–311 and 13–16–103 to afford indigent plaintiffs the right to appeal without posting otherwise required bonds, but not to afford that same right to indigent defendants. In addition, Bryant argues that a judgment bond is not a third-party cost as contemplated by section 13–16–103 and C.J.D. 98–01 because it is not paid to the third party, but merely posted with the court to stay the execution of the judgment.

Reading these statutes together and considering our prior case law, we reject State Farm's argument and adopt the views offered by Bryant. First, State Farm's reading of section 13–6–311 would violate our well settled rules of statutory interpretation by negating the legislature's intent in passing section 13–16–103—waiving for indigent parties court costs in all courts, trial as well as appellate. As we said in *Bell*, "we find nothing in the text or purpose of C.R.C.P. 411(a) [and section 13–6–311] to indicate a judicial policy contrary to the legislative policy expressed by section 13–16–103(1)." *See* 918 P.2d at 1127. Thus, State Farm's interpretation ignores this clear legislative intent. Moreover, State Farm's interpretation would render section 13–6–311 internally inconsistent because indigent plaintiffs could appeal without posting a cost bond, whereas indigent defendants could not prosecute the very same appeal unless first posting a judgment bond.

Most fundamentally, however, State Farm's argument fails because a judgment bond is not a third-party cost paid to a third party, like a reporter fee or a witness fee, which cannot be waived by the court. Rather, it is only a deposit with the court to stay the execution of the judgment ordered below. As Bryant freely concedes, an indigent defendant whose judgment bond requirement is waived will not enjoy the benefit of posting a judgment bond—that the execution of the judgment is stayed pending the disposition of the appeal. As a result, that indigent party

would risk that the judgment will be executed while the case is still on appeal. However, an indigent party's inability to post a judgment bond does not determine whether that party is allowed to pursue the appeal in the first place. Put another way, the judgment bond, although required if a defendant wants to stay an adverse judgment while appealing from the county court, is not a condition precedent to proceeding with the appeal itself.

## B. Consistency with Other Colorado Case Law

Our conclusion today has ample support in prior Colorado appellate proceedings concerning fees, such as judgment bonds, that the appellant is required to pay before being able to pursue an appeal. Most significant is the analysis of supersedeas bonds, the judgment bonds required by the court of appeals to appeal from the district court. Elsewhere, our analyses of appellate rules in tax, child custody, and workers' compensation cases, as well as cases involving nonresident plaintiffs, are consistent with our holding today waiving the judgment bond requirement for indigent parties despite seemingly mandatory statutory language.

The case law governing supersedeas bonds is particularly relevant to our analysis here of judgment bonds because the district court and county court have concurrent jurisdiction for civil matters up to $15,000. *See* § 13–6–104, C.R.S. (2007). As a result, State Farm could have filed its claim against Bryant in either county or district court, and thus it makes sense that the treatment of an indigent defendant appealing from these two courts should be substantially similar. Indeed, in the past, we found it to be an abuse of discretion when a district court dismissed an indigent plaintiff's case because the county court had concurrent jurisdiction over the matter, stating: "Non-indigent plaintiffs are unfettered in their choice of the court in which to bring an action for less than [now $15,000]. We find nothing in section 13–16–103 to indicate that the legislature intended to constrain that choice when a civil action or proceeding is commenced by a poor person."

*Cook v. Dist. Court,* 670 P.2d 758, 759–62 (Colo.1983).

When appealing a district court decision, C.A.R. 7, like the language in section 13–6–311 and C.R.C.P. 411, sets out what appears to be a mandatory supersedeas bond requirement without exception for an indigent appellant:

> Unless an appellant is exempted by law, or has filed a supersedeas bond or other undertaking which includes security for the payment of costs on appeal, in civil cases a bond for costs on appeal or equivalent security shall be filed by the appellant in the trial court with the notice of appeal; but security shall not be required of an appellant who is not subject to costs.

The appellants "exempted by law" and "not subject to costs" under C.A.R. 7 are not indigent plaintiffs; rather, the language refers to the parties, mostly public entities, listed in C.A.R. 8 as being statutorily exempt. Therefore, on its face, C.A.R. 7 could be read to require that a supersedeas bond be posted without exception for an indigent party before the appeal can be filed.

However, Colorado courts have ruled that while a supersedeas bond is required in order to obtain a stay of execution of the judgment during appeal, it is *not* required as a precondition for filing an appeal. *See, e.g., Muck v. Arapahoe County Dist. Court,* 814 P.2d 869, 872 (Colo.1991); *Colo. Korean Ass'n v. Korean Senior Ass'n of Colo.,* 151 P.3d 626, 628 (Colo.App.2006); Martin D. Beier, *Bonds in Colorado Courts: A Primer for Practitioners,* Colo. Law., Mar. 2005, at 59, 64. In *Colorado Korean Ass'n,* the court of appeals explained:

> The posting of a supersedeas bond is required to stay the execution of a trial court's judgment. It is not a prerequisite for filing and pursuing an appeal. The failure to file a supersedeas bond merely means that the prevailing party may enforce the judgment, including collection, while the appeal is pending. Therefore, defendant's failure to post the supersedeas bond does not require dismissal of the appeal.

151 P.3d at 628 (citations omitted).

Instead, courts have held that the only bond required of an appellant to proceed with an appeal from a district court is a cost bond, and that bond can be waived if the appellant is indigent. *See Hart v. Schwab,* 990 P.2d 1131, 1135 (Colo.App.1999) ("However, under today's procedures, the only mandatory bond for an appeal to the court of appeals is the cost bond required by C.A.R. 7. And, posting of that bond may be waived if the appellant is indigent."); *In re Marriage of Delahoussaye,* 924 P.2d 1210, 1210 (Colo. App.1996) (relying on *Bell* to hold that an indigent plaintiff appealing from the district court could not be required to post a cost bond); Beier, *supra,* at 64.

Therefore, Colorado courts have consistently held that a supersedeas bond is not required to pursue an appeal from the district court to the court of appeals. This holding is based on section 13–16–103's requirement that courts waive costs for indigent parties, and is in spite of the fact that C.A.R. 7 contains no explicit exemption for indigent parties.

Besides supersedeas bonds, when a taxpayer wants to challenge in district court a tax deficiency determined by the Department of Revenue, the statute at issue requires that "the taxpayer *shall* file with the district court a surety bond in twice the amount" of the judgment owed. § 39–21–105(4)(a), C.R.S. (2007) (emphasis added). Thus, on its face, section 39–21–105(4)(a) appears to require a surety bond—essentially a judgment bond— to be posted by any appealing taxpayer, without an exception for an indigent taxpayer. However, Colorado courts have consistently held that a trial court can waive the statute's surety bond requirement when the taxpayer presents sufficient evidence of indigency. *See Callow v. Dep't of Revenue,* 197 Colo. 513, 514–15, 594 P.2d 1051, 1051 (1979); *Reed v. Dolan,* 195 Colo. 193, 195, 577 P.2d 284, 285–86 (1978); *Overstreet v. Colo. Dep't of Revenue,* 178 P.3d 1259, 1262 (Colo.App. 2007); *AF Prop. P'ship v. State of Colo., Dep't of Revenue,* 852 P.2d 1267, 1269 (Colo. App.1992).

In a custody proceeding, we have held that it was an abuse of discretion when the trial court refused to order a custody evaluation

requested by an indigent party, who by statute was required to pay for the custody evaluation but who could not afford to pay for it. *Hernandez v. Dist. Court,* 814 P.2d 379, 379, 381 (Colo.1991) (interpreting what is now section 14–10–127, C.R.S. (2007) ). We held that the trial court should have selected another option to finance the cost of a custody evaluation, stating, "In determining the reasonable amount of the deposit, the court may not hamper or prevent a poor person's participation in the judicial process because of his financial status." *Id.* at 381.

In a workers' compensation case, the statute at issue required a worker appealing a treating physician's diagnosis to pay for a division independent medical examination ("DIME") before being able to proceed with the appeal of the diagnosis. *Whiteside v. Smith,* 67 P.3d 1240, 1246 (Colo.2003). We held in *Whiteside* that the requirement that the worker must pay for a DIME as a precondition for pursuing an appeal was an unconstitutional violation of due process because it meant an indigent worker who could not afford to pay for a DIME could not appeal an unfavorable decision. *Id.*

Finally, soon after issuing *Bell,* we considered the requirement in the statute now codified at section 13–16–102, C.R.S. (2007), that all nonresidents of the state *shall* post a bond before being able to pursue a civil action in Colorado courts. *Walcott v. Dist. Court, Second Judicial Dist.,* 924 P.2d 163, 164–65 (Colo.1996). We held in *Walcott* that reading the nonresident bond statute in conjunction with section 13–16–103's requirement of court waiver for indigent parties of court costs meant that nonresident indigent parties did not have to post a bond to pursue their cases. *Id.* at 166. We concluded: "Dismissal of a plaintiff's case, therefore, may not be based solely on inability to pay costs or indigency." *Id.* at 168.

In sum, across a wide range of civil actions and proceedings, we have reached a similar conclusion: no matter the arguably mandatory language in the statutes requiring that all appellants post judgment bonds or other prefiling fees before prosecuting an appeal, these requirements do not apply to parties found by the court to be indigent. It is true

that being unable to post a judgment bond will mean that the execution of the judgment will not be stayed during the pendency of the appeal, and thus the appellant risks that the judgment creditor-appellee will execute the judgment while the case is still being appealed, but an inability to post the bond does not bar the indigent party from pursuing the appeal. These decisions reflect the legislative intent of section 13–16–103 and are consistent with our holding in *Bell.*

As a result, because Bryant was found by both the county and district courts to be indigent, her appeal cannot be conditioned on her posting a judgment bond. Rather, the district court should allow Bryant to proceed with her appeal in the normal course.

### IV. Conclusion

We hold that, in harmonizing section 13–16–103 with section 13–6–311 and C.R.C.P. 411, an indigent party is not required to post a judgment bond as a precondition to proceeding with an appeal of an adverse money judgment from county court to district court. We therefore make the rule to show cause absolute, and order the district court to allow Bryant to proceed with her appeal without first posting a judgment bond.