Dennis O'NEILL, Plaintiff–Appellant,

v.

Hal D. SIMPSON, State Engineer,
Defendant–Appellee.

No. 97SA390.

Supreme Court of Colorado,
En Banc.

May 18, 1998.

The Law Office of Anthony L. Martinez, P.C., Anthony L. Martinez Salida, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Joseph C. Smith, Jr., Deputy Attorney General, Lee E. Miller, First Assistant Attorney General, Stephen C. Cann, Assistant Attorney General, Natural Resources Section, Denver, for Defendant–Appellee.

PER CURIAM.

This appeal marks the fourth time that Dennis O'Neill (O'Neill) has been before this court concerning matters related to six water rights decreed in 1912 to three ditches: the Cache Creek, Arlington, and Clear Creek Ditches. In *Southeastern Colorado Water Conservancy District v. Twin Lakes Associates, Inc.,* 770 P.2d 1231 (Colo.1989) (*O'Neill I*), this court affirmed the water court's determination that these water rights had been abandoned. In *Southeastern Colorado Water Conservancy District v. O'Neill,* 817 P.2d 500 (Colo.1991) (*O'Neill II*), this court affirmed the water court's denial of O'Neill's motion pursuant to C.R.C.P. 60(b)(5) alleging newly discovered evidence. Most recently, in *Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust,* 854 P.2d 167 (Colo.1993) (*O'Neill III*), we affirmed the water court's ruling rejecting O'Neill's claim that opposing parties had committed fraud upon him and the court. Additionally, we found O'Neill's third attempt at litigation before this court to be frivolous, and we remanded the case to the water court to assess attorney fees against O'Neill. *See O'Neill III,* 854 P.2d at 178.[1]

Once again, O'Neill is before this court attempting to revive the six abandoned water rights by claiming that the water court in *O'Neill I* lacked jurisdiction to determine whether the water rights had been abandoned. And once again, we reject O'Neill's claims. We affirm the water court's judgment dismissing O'Neill's complaint, and because O'Neill has brought another claim that lacks substantial justification, we affirm the water court's award of attorney fees, grant attorney fees for defending this appeal to appellee, and remand this case to the water court for determination of the amount of fees due.

## I.

These six water rights were appropriated prior to the turn of the century, and they were decreed on March 18, 1912, to Twin Lakes Placers, Limited, a British corporation licensed to do business in Colorado. On June 24, 1912, an injunction was entered against Twin Lakes because their large-scale hydraulic mining process polluted the Arkansas river, rendering the water unfit for human consumption. Consequently, these six water rights were abandoned. *See O'Neill I,* 770 P.2d at 1240.

On successive occasions, O'Neill has tried to employ various legal theories to revive these abandoned water rights. This time, O'Neill filed this action against the state engineer, seeking an injunction and damages regarding these water rights because the water court in *O'Neill I* lacked subject matter jurisdiction. O'Neill contends that *O'Neill I* is void because of defective service of process and because the *O'Neill I* court's judgment represented a collateral attack on the possessory and use rights previously determined by various prior quiet title decrees in 1916, 1930, 1954, and 1957.[2] The water

---

1. O'Neill also filed a complaint in federal district court, regarding these water rights, alleging claims under 42 U.S.C. §§ 1983, 1985, & 1988 (1994). On March 16, 1995, in case No. 94–Z–2868, the federal district court dismissed the claims for failure to provide the required "short and plain statement." Moreover, the court stated:

    However, even if plaintiff had set forth recognizable claims, the claims would be barred by numerous grounds for dismissal, including the doctrine of collateral estoppel.

    . . .

    [P]laintiff is given a stern warning that if he chooses to relitigate these same claims under other or similar non-meritorious grounds [before the federal district court] the Court will seriously consider severe penalties.

2. O'Neill's claims refer to a 1916 decree quieting title to the Cache Creek and Clear Creek Ditches and water rights appropriations; a 1930 decree quieting title to the Arlington ditch water rights appropriations; a 1954 decree quieting title to a

court dismissed O'Neill's claim under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief could be granted and awarded attorney fees against O'Neill. We now affirm.

## II.

In evaluating a motion to dismiss under C.R.C.P. 12(b)(5)[3], all averments of material fact must be accepted as true and allegations must be viewed in the light most favorable to the plaintiff. *See Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909, 911 (Colo. 1996). However, we need not reach the merits of O'Neill's claims because his claims are barred by the doctrines of res judicata and collateral estoppel. The doctrines of res judicata[4] and collateral estoppel[5] bar relitigation of the trial court's original jurisdiction unless there was a manifest abuse of authority by the trial court. *See State Compensation Ins. Fund v. Luna,* 156 Colo. 106, 109–10, 397 P.2d 231, 233 (1964); *People In Interest of E.E.A. v. J.M.,* 854 P.2d 1346, 1351 (Colo.App.1992).

Prior to our decision affirming the water court in *O'Neill I,* the water court expressly found that it had subject matter jurisdiction. O'Neill was a party to that proceeding, and he had a full and fair opportunity to litigate that issue in the water court as well as when he appealed in *O'Neill I.* Because there is no manifest injustice presented here, O'Neill is barred from asserting his jurisdictional claims. As the United States Supreme Court stated:

A party that has had an opportunity to litigate the question of subject matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de* Guinee, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (citations omitted).

## III.

Litigation that lacks substantial justification burdens the courts, strains the judicial system, and interferes with the effective administration of justice. *See* § 13–17–101, 5 C.R.S. (1997). Pursuant to section 13–17–102, 5 C.R.S. (1997), attorney fees are warranted in such a case if the action is "substantially frivolous, substantially groundless, or substantially vexatious." *Id.; see also O'Neill III,* 854 P.2d at 177; *Engel v. Engel,* 902 P.2d 442, 446 (Colo.App.1995) (stating that a vexatious claim includes conduct that is abusive or stubbornly litigious). This case more than meets that definition. We affirm the water court's award of attorney fees, and we hold that the appellee is entitled to attorney fees for defending this appeal. *See* § 13–17–102; C.A.R. 38(d). The amount of such fees is to be determined by the water court on remand.

Justice KOURLIS does not participate.

---

portion of the subject water rights; and a 1957 decree quieting title to a portion of the subject water rights.

**3.** The C.R.C.P. 12(b)(5) defense is a "failure to state a claim upon which relief can be granted."

**4.** Res judicata, or claim preclusion, bars subsequent claims by identical parties based on the same claim for relief after there has been a final judgment on the merits. *See Kuhn v. State, Dep't of Revenue,* 897 P.2d 792, 795 (Colo.1995).

**5.** Collateral estoppel, or issue preclusion, bars relitigation of an issue determined in a prior proceeding if: (1) the issue precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party in the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding. *See Maryland Cas. Co. v. Messina,* 874 P.2d 1058, 1061 (Colo.1994).