**In the Matter of the Application for WATER RIGHTS OF ELK DANCE COLORADO, LLC, d/b/a Shadow Creek Ranch in Summit County.**

**Joyce C. McNichols, Kenneth J. McNichols, Marguerite Sergent, Joseph Sergent, and Gerald Lewis, Plaintiffs–Appellants**

v.

**Elk Dance Colorado, LLC, d/b/a Shadow Creek Ranch; Alan Martellaro, Division Engineer for Water Division 5; and Harold Simpson, Colorado State Engineer, Defendants–Appellees.**

No. 04SA328.

Supreme Court of Colorado,
En Banc.

June 26, 2006.

As Modified on Denial of Rehearing
July 31, 2006.

Alison Maynard, Denver, Colorado, Attorney for Plaintiffs–Appellants Joyce C. McNichols, Kenneth J. McNichols, Joseph Sergent, and Gerald Lewis.

Porzak Browning & Bushong LLP, Glenn E. Porzak, Kristin Howse Moseley, Boulder, Colorado, Attorneys for Defendant–Appellee Elk Dance Colorado, LLC, d/b/a Shadow Creek Ranch.

John W. Suthers, Attorney General, Jennifer Mele, Assistant Attorney General, Water Rights Unit, Natural Resources & Environment Section, Denver, Colorado, Attorneys for Defendants–Appellees Alan Martellaro, Division Engineer for Water Division 5; and Harold Simpson, Colorado State Engineer.

No appearance by or on behalf of Plaintiff–Appellant Marguerite Sergent.

Justice BENDER delivered the Opinion of the Court.

## INTRODUCTION

In this case, Appellants, Joyce C. McNichols, Kenneth J. McNichols, Marguerite Sergent, Joseph Sergent, and Gerald Lewis, appeal two orders of Division No. 5 Water Court that dismissed their petitions to set aside decrees entered in Water Court cases 00CW99 and 00CW302. These decrees granted Elk Dance Colorado's (Elk Dance) applications to change features of the augmentation plan originally decreed in Water Court Case No. 80CW504 (Original Decree),

to change the method of waste water treatment, and to change the point of diversion and relocate a well. Appellants argue that the Water Court erred in granting these decrees because their homeowners association or its members individually, rather than Elk Dance, own the water rights associated with the Original Decree (disputed water). The Water Court held that the Appellants are collaterally estopped from arguing that they, rather than Elk Dance, own the disputed water because the Summit County District Court held, in case no. 99CW277 (Summit County Case), that Elk Dance owned this water. Appellants claim that the decision in the Summit County Case (Summit County Judgment) is void because the court exceeded its jurisdiction when it determined ownership of the disputed water.

Because the issue of ownership of the disputed water was actually litigated and necessarily adjudicated in the Summit County District Court Case, the appellants were parties to or are in privity with parties to the Summit County District Court Case, there was a final judgment on the merits in the Summit County Case, and the appellants had a full and fair opportunity to litigate the issue of the ownership of the disputed water in the Summit County District Court Case, we hold that the doctrine of issue preclusion bars Appellants from arguing that they, rather than Elk Dance, own the disputed water. Because the Appellants failed to challenge the subject matter jurisdiction of the Summit County District Court in the Summit County Case or directly appeal the Summit County Judgment, they are barred from collaterally attacking that court's subject matter jurisdiction in the present case.

We affirm the orders of the Water Court that dismissed Appellants' petitions to set aside the decrees entered in Water Court cases 00CW99 and 00CW302 and return these cases to that court for actions consistent with this opinion.

## FACTS AND PROCEEDINGS BELOW

This appeal involves a complex and lengthy explanation of transactions and other litigation which frame the issue before us.

### Original Development of Spring Creek Ranch

In 1980, Spring Creek Development Company (Development Company) acquired approximately 6000 acres of land in Summit County, Colorado with the intent of creating a residential and commercial development, "Spring Creek Ranch." The original Planned Unit Development (PUD) for the Spring Creek Ranch was approved by the Summit County Board of County Commissioners in 1980 and contemplated 303 units to be developed in two phases. Phase I encompassed approximately 300 acres, divided into thirty-two five-acre residential lots with open space. Seven homes were built on Phase I and the Spring Creek Ranchers Association was formed as a nonprofit homeowners' association (HOA) for the individual owners of the residential lots (Lot Owners).

As part of the PUD approval, the Development Company applied for a water augmentation plan and was granted a decree (Original Decree). This Decree provided for 175 acre feet of water per year and directed the State Water Engineer to issue a permit to the Development Company. Pursuant to the augmentation plan, the Development Company drilled a community well that served as the sole source of water for Phase I.

### Foreclosure and Lane Purchase

In the mid 1980s, the Development Company defaulted on a loan with Metropolitan Life Insurance Company, causing Metropolitan to foreclose its mortgage and become the owner of Spring Creek Ranch. In 1989, Nelson and Catherine Lane (Lanes) purchased the portions of the Spring Creek Ranch not included in Phase I from Metropolitan (Lane Purchase Agreement).

### The 1989 Settlement Agreement

Cotemporaneous with the Lane purchase, the Lanes, Metropolitan, the individual Lot Owners, and the HOA entered into a Settlement Agreement (Settlement Agreement). The Settlement Agreement reiterated the terms of the Lane Purchase Agreement and stated that the Lanes agreed to purchase the Spring Creek Ranch from Metropolitan, ex-

cluding the Phase I land, the community well, and some Phase I sites including the well site, a water storage site, and a refuse site, which were deeded to the Lot Owners and the HOA. In the Settlement Agreement, the Lanes agreed to assign to the Lot Owners use rights to water sufficient for in-house domestic use for fourteen homes. The Settlement Agreement released the Lanes from liability for delivery of any other water. Pursuant to the Settlement Agreement, Metropolitan deeded to the HOA 300 acres (the balance of the Phase I property) and the Lanes paid the HOA a settlement fee of $110,000. The Lanes had their portion of Spring Creek Ranch rezoned as open ranch space, and the Summit County Board of Commissioners passed a resolution making the HOA and the Lot Owners responsible for the obligations of the PUD.

In connection with the 1989 Settlement Agreement, the seven Lot Owners entered into a separate agreement regarding the deeded 300 acres and the rezoning of the Lane property. The parties hired a surveyor to prepare deeds to reconfigure the 300 acres into lots to be divided between the Lot Owners. These deeds were prepared, but Summit County would not accept the revised plat for approval after several Lot Owners refused to sign due to alleged errors, omissions, and other deficiencies.

### Water Court Case No. 93CW213

In 1991, after the Lot Owners discovered their community well was illegal because it had never received a proper permit, the HOA entered into a forty-year contract with the U.S. Bureau of Reclamation for water service from Green Mountain Reservoir. In 1993, the HOA filed an application for junior water rights for the community well in Water Court Case No. 93CW213. The Water Court entered a final decree in 2003. Appellants Joyce C. McNichols, Kenneth J. McNichols (McNicholses) and Halena Lewis protested this ruling and, after their protest was dismissed, appealed to this Court. That appeal, Colorado Supreme Court Case No. 05SA326, is currently awaiting briefing.

### Elk Dance Purchase and Conveyance to Shadow Creek Ranch

In 1999, the Lanes sold their ranch property to Elk Dance Colorado, L.L.C. (Elk Dance), including the water rights adjudicated in the Original Decree. The Lanes reserved seventy acres for their private residence. Elk Dance planned to develop twenty-one home-sites on the property and conveyed all of its water rights to Shadow Creek Ranch, the agent for future owners of the twenty-one home-sites and the Lane's seventy acres, now incorporated into Shadow Creek Ranch.

### Addendum to the 1989 Settlement Agreement

In 2000, the parties drafted an Addendum to the 1989 Settlement Agreement (2000 Addendum), in part, to clarify the water rights recognized in the 1989 Settlement Agreement. The 2000 Addendum provided that, should the Green Mountain Reservoir water become insufficient to meet the domestic, in-house needs of fourteen residences, Elk Dance would make available up to 5.85 acre feet of water per year to the HOA from Elk Dance's rights. This addendum was conditioned upon approval of the junior rights decree by the Water Court in case 93CW213 (the Water Court case, discussed supra, currently pending appeal before this Court in case 05SA326). The 2000 Addendum was signed by all the Appellants except the McNicholses and Helena Lewis. The Lot Owners who refused to sign the 2000 Addendum argued that the HOA rather than Elk Dance owned the disputed water and that the Lot Owners acting as the Board of Directors of the HOA were not the true Board of Directors and were not authorized to enter into the 2000 Addendum.

### Summit County District Court Case 99CV277

In response to challenges to their status as the Board of Directors of the HOA, three Lot Owners, Clayton Beattie, Lisa Lindley, and Robert Swenson (Summit County Plaintiffs), filed suit in Summit County District Court in case 99CV277 (Summit County District Court Case), on behalf of the HOA and

individually, seeking a declaratory judgment that they constituted the duly elected Board of the HOA. The Summit County Plaintiffs named as defendants inter alia, fellow Lot Owners Halena Lewis, Joyce C. McNichols, Kenneth J. McNichols, Dr. Joseph Sergent, Marguerite Sergent (Sergents), Jacquelyne T. Wade, and Richard L. Wade (Wades).[1] The Sergents were defaulted after failing to file a responsive pleading.[2] The McNicholses did not file a responsive pleading but were never formally defaulted.[3] Lewis and the Wades filed answers and counterclaims, arguing, in part, that the HOA was entitled to all the water rights adjudicated in the Original Decree and requesting that the District Court partition this water among the members of the HOA.[4]

The court circulated a proposed trial management order to all parties, describing the issues to be determined at trial: who constituted the Board of the HOA, whether the Board could enter into the 2000 Addendum to the 1989 Settlement Agreement, whether the court could partition the disputed water among the Lot Owners, and whether the HOA could compel Lot Owners to cooperate in the rezoning of the property.[5] After receiving no objections, the court adopted the proposed trial management order on the first day of trial.

1. Joyce and Kenneth McNichols, Marguerite and Joseph Sergent, and Gerald Lewis (co-owner of Halena Lewis's lot) are the Appellants in the present case. The Wades are not Appellants in the present case. Nonetheless, for the sake of simplicity, we refer to the defendants in the Summit County Case as "Appellants."

2. The Summit County Judgment states that the Sergents "were previously defaulted and did not appear," and "Defendants Sergents were defaulted after their failure to file a responsive pleading." Hence, the record indicates that the Sergents were defaulted pursuant to Rule 55(a), which requires the court clerk to enter default against a party who fails to defend against a complaint:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

C.R.C.P. 55(a) (2005).

We recognize the distinction between the entrance of default against the Sergents and the entrance of a default judgment pursuant to Rule 55(b). C.R.C.P. 55(b) (2005); *see Dunton v. Whitewater West Recreation, Ltd.*, 942 P.2d 1348, 1351 (Colo.App.1997). The Summit County District Court did not enter a default judgment, but instead entered a judgment on the merits after a trial on the issues.

3. Nonetheless, because default pursuant to 55(a) applies automatically when a party fails to file a responsive pleading, the McNicholses were in default.

4. The Summit County District Court summarized the Appellants' arguments:

Defendant Lewis ... argued that the [Appellants] (either individually or as members of the [HOA]) are entitled to all of the water rights previously acquired by the [Development Company] in [the Original Decree] (175 acre feet of water per year) because they were 'conveyed'

by Metropolitan Life as part of the 1989 Settlement Agreement as an 'appurtenance' in the Special Warranty Deed dated July 20, 1989. Counsel for the Wades withdrew, but the Wades' Answer and Counterclaims were never withdrawn. After her attorney withdrew, Lewis moved to withdraw her counterclaims but the court denied this motion. The court then granted Lewis's motion to amend her answer and counterclaims and to join indispensable third parties. The court ordered Lewis to serve the third parties (including Elk Dance) with the amended pleadings, which sought quiet title to the Original Decree water. After Lewis failed to serve the third parties, the court fined her and dismissed her third party complaint. Nonetheless, Lewis's assertion that the Lot Owners or the HOA owned the Original Decree water remained at issue in the case, and were included as issues to be determined in the Trial Management Order.

5. The trial management order listed the following issues to be tried to the court:

1. Whether the present Board of Directors of the Homeowners' Association is the duly elected Board, and have the authority to transfer property and property rights affecting all present Lot Owners in the development.

2. Whether the Addendum to the 1989 Settlement Agreement was validly entered into, and whether the Court can thereby effectuate a division or partition of water rights.

3. Whether the Court can direct the Homeowners' Association to convey property held by the Association to the seven individual Lot Owners pursuant to the "Agreement Among the Members of the Spring Creek Homeowners Association of May 27, 1989."

4. Whether the Court can compel all present Lot Owners to execute documents in connection with the rezoning of the development in accordance with the terms of the 1989 Settlement Agreement and compel the Homeowners' Association to convey deeds to the increased acreage to the Lot Owners.

The Summit County District Court issued its decision (Summit County Judgment) on January 28, 2002. The court first determined that it had personal and subject matter jurisdiction over the controversy. The court then held that the Summit County Plaintiffs constituted the duly elected Board of the HOA and that the Board had the authority to enter into the 1989 Settlement Agreement and the 2000 Addendum, to enter into the contract with the Bureau of Reclamation for the Green Mountain Reservoir water, and to proceed with and represent the HOA in Water Court Case No. 93CW213.

Turning to Appellants' request that the court partition the disputed water, the court found no evidence that the Lot Owners or the HOA owned these water rights, finding instead that these water rights were conveyed to the Lanes and then to Elk Dance.[6] The court denied Appellants' counterclaim for division of the water rights, instead ordering specific performance of the 1989 Settlement Agreement as well as any decree entered by the Water Court in case 93CW213.[7] The court ordered the Lot Owners to comply with the 2000 Addendum to the 1989 Settlement Agreement and to sign and comply with the 2000 Addendum's provisions. The court ordered the Clerk of the Summit County Combined Courts to sign on the Lot Owners' behalf if they refused to comply.

### Plaintiffs' Appeals of Post-Judgment Orders of the Summit County Judgment and the Colorado Court of Appeals Case 03CA1718

The Summit County District Court entered the Summit County Judgment on January 28, 2002. No party appealed this decision. In January 2003, after Appellants

failed to comply with the Summit County Judgment, the court granted the Summit County Plaintiffs' motion for execution of documents pursuant to the Summit County Judgment order. Several of the Appellants moved to set aside the January 2003 order to execute documents pursuant to C.R.C.P. 60(b), alleging fraud and fraud on the court. The court denied this motion.

The Appellants appealed from the trial court's denial of their C.R.C.P. 60(b) motion to the Colorado Court of Appeals in case 03CA1718.[8] A motions division of the court of appeals denied their motion to amend their appeal to argue that the trial court lacked subject matter jurisdiction to enter certain portions of its ruling concerning ownership of the disputed water rights. Appellants nonetheless included in their brief a challenge to the Summit County Judgment on subject matter jurisdiction grounds in addition to arguing that the Summit County Plaintiffs made false statements to the court. The court of appeals held that Appellants were barred from arguing that the Summit County District Court lacked subject matter jurisdiction because they had the opportunity to litigate this question at trial and at the very least could have raised jurisdictional challenges in a timely appeal of the Summit County Judgment. The court held that, even had the Summit County Plaintiffs made false statements, Appellants failed to demonstrate that this misrepresentation amounted to a "subversion of the legal process or affected their legal rights," and affirmed the holding of the trial court. Appellants filed a petition for rehearing, which the court of appeals denied on October 7, 2004. Appellants did not petition for writ of certiorari.[9]

---

6. The parties and the courts below variously refer to Elk Dance and Shadow Creek Ranch as the party the Summit County Judgment determined to be the owner of the Original water rights. Because Elk Dance, LLC does business as Shadow Creek Ranch, for simplicity, we refer to Elk Dance as the owner of the Original Decree water rights.

7. 93CW213 is the Water Court case now on appeal to this Court in 05SA326, in which the HOA seeks junior water rights for the community well.

8. Only Appellants Halena Lewis, the McNicholses, and Marguerite Sergent appealed this decision. Nonetheless, for simplicity, we refer to these parties as "Appellants."

9. In addition to their appeal in case 03CA1718, the Appellants appealed another post-judgment order of the Summit County District Court implementing the Summit County Judgment. It appears as though the Appellants voluntarily withdrew this appeal, 04CA709, before it was addressed by the court of appeals.

Although not directly bearing on this appeal, Appellants have initiated two other lawsuits, ar-

## 00CW99 and 00CW302—The Water Court Decrees appealed in the Present Case

The present case comes before this court after consolidation of two appeals from District No. 5 Water Court orders. In Water Court Case No. 00CW99, Elk Dance sought a decree to amend the Original Decree to change the location of one of Elk Dance's wells. The water court issued a decree which Appellants moved to set aside pursuant to section 37–92–304(10), C.R.S. (2005),[10] arguing that they are the actual owners of the water in the Original Decree. The water court dismissed this petition, reasoning that Appellants were collaterally estopped from relitigating issues of ownership of the augmentation plan decreed in the Original De-cree because this issue was determine in the Summit County Judgment.

In Water Court Case No. 00CW302, Elk Dance applied to amend the Original Decree, seeking to change the method of waste water treatment specified in the augmentation plan to allow for individual septic systems. Elk Dance received a decree, which Appellants moved to set aside pursuant to section 37–92–304(10), C.R.S. (2005). The water court dismissed this petition, again reasoning that Appellants were collaterally estopped from relitigating issues of ownership of the aug-mentation plan decreed in the Original De-cree.

Appellants filed a Notice of Appeal with this court and these two cases were consoli-dated. Appellants challenge the Summit County District Court's determination in the

guing the same or similar claims: Federal District Court Case No. 03M1183, and Summit County District Court Case No. 03CV126.

In Federal District Court Case No. 03M1183, Appellants filed a federal Racketeer Influenced and Corrupt Organizations Act complaint against Elk Dance, the HOA, the Summit County Plaintiffs, and these parties' attorneys, alleging that these parties engaged in a conspiracy using the U.S. mail to unlawfully divest them of their property. 18 U.S.C. §§ 1961–1968 (2005). They also asked the court to assert supplemental jurisdiction over state law claims for civil conspiracy, fraud, malicious prosecution, and breach of fiduciary duty, arguing that those named as defendants engaged in a plan to take over the HOA's and their real or personal property, namely, the disputed water rights. After Appellants filed a series of motions for extension of time, the court dismissed the action without prejudice. The court declined to address the motions for attorneys' fees, stating that to do so would "unduly prolong th[e] matter."

In Summit County District Court Case 03CV126, Appellants sued the Summit County Plaintiffs, alleging the following claims: (1) for declaratory and injunctive relief prohibiting the suspension of voting rights of Appellants and annulling void acts taken by the Board, (2) to void wrongful assessments made by the Board, (3) breach of fiduciary duty by Board members, (4) ultra vires acts by the Board members, (5) fraud and the intentional infliction of emotional distress/outrageous conduct, (6) recording of fraudulent documents, and (7) that the Colorado Common Interest Ownership Act, C.R.S. 38–33.3–101, et seq., is unconstitutional. This case is set for trial in July 2006.

In another related case, Summit County District Court Case 03CV357, the Summit County Plaintiffs sued several of the Appellants, alleging liability based on recording of fraudulent docu-ments and libel for documents defendants filed with the Summit County Clerk and Recorder, inter alia, naming themselves as the board of the HOA. This case has been consolidated with 03CV126.

Finally, the Summit County Plaintiffs have sought several Rule 70 orders and initiated sever-al suits to enforce the Summit County Judgment, as well as suits to foreclose on assessment liens and deeds of trust placed on certain of Appel-lants' property. Certain of these suits have been dismissed while others were consolidated with Summit County District Court Case 03CV126.

10. This section states that a person adversely affected by a substantive error in a water court judgment may petition the water court to correct such an error:

> (10) Clerical mistakes in [a water court] judg-ment and decree may be corrected by the water judge on his own initiative or on the petition of any person, and *substantive errors [in a water court judgment or decree] may be corrected by the water judge on the petition of any person whose rights have been adversely affected thereby and a showing satisfactory to the water judge that such person, due to mis-take, inadvertence, or excusable neglect, failed to file a protest with the water clerk within the time specified in this section.* Any petition referred to in the preceding sentence shall be filed with the water clerk *within three years* after the date of the entry of said judgment and decree. The water judge may order such no-tice of any such correction proceedings as he determines to be appropriate. Any order of the water judge making such corrections shall be subject to appellate review as in other civil actions.

§ 37–92–304(10), C.R.S. (2005) (emphasis add-ed).

Summit County Judgment that Elk Dance owns the disputed water, and argue that the Summit County Judgment does not preclude them from claiming ownership of this water because that judgment is void.

## ANALYSIS

### Issue Preclusion

■ Elk Dance [11] argues that the water court correctly dismissed Appellants' petition because Appellants are collaterally estopped from attacking the Summit County Judgment and claiming ownership of the water rights in the Original Decree.

■ This court uses the term "issue preclusion" rather than the term "collateral estoppel." *Argus Real Estate, Inc. v. E–470 Public Highway Authority*, 109 P.3d 604, 608 (Colo.2005). The doctrine of issue preclusion provides that a court's final decision on an issue actually litigated and decided in a previous suit is conclusive of that issue in a subsequent suit between the same parties or their privies, and may not be relitigated. *Carpenter v. Young*, 773 P.2d 561, 565 (Colo. 1989). Issue preclusion is an equitable doctrine intended to "relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions." *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo.2001). In Colorado, the doctrine of issue preclusion bars relitigation of an issue when:

(1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;

(2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding;

(3) There was a final judgment on the merits in the prior proceeding; and

(4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Id.* (internal citation omitted). To determine whether the doctrine of issue preclusion bars

Appellants in this case from claiming ownership of the contested water, we address each of these four factors in turn.

### 1. The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding

■ The first question in our issue preclusion analysis is whether the issue raised by Appellants is identical to an issue actually litigated and necessarily adjudicated in a prior proceeding. *Id.* For an issue to be "actually litigated," the parties must have raised the issue in a prior action. *Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo.1999). An issue is "necessarily adjudicated" when a determination on that issue was necessary to the judgment. *Id.* at 86.

In the present case, Appellants seek reversal of decrees in the two Water Court cases, arguing that the HOA, not Elk Dance, owns the water adjudicated in the Original Decree. Appellants argued below that the HOA enjoyed "exclusive ownership interest in the plan for augmentation and associated water rights dedicated to that plan decreed in [the Original Decree]." In their briefs before this court, appellants present the same argument: that the HOA owns the disputed water because the augmentation plan in the Original Decree "is a covenant which runs with the land for the benefit of Spring Creek Ranch Phase I."

The issue of ownership of the disputed water was actually litigated in Summit County case No. 99CV277. In that case, the Wades and Halena Lewis argued that "[b]y virtue of ... the [1989] Settlement Agreement ... the current lot owners ... own, as tenants in common," the disputed water rights, and are "entitled to a division and partition of said rights." In the Summit County Judgment, the Summit County District Court summarized Appellants' arguments in that case to include the argument that the HOA owned the disputed water:

[Appellants argue that they] (either individually or as members of the [HOA]) are

11. The Notice of Appeal names "Elk Dance Colorado, LLC., D/b/a/ Shadow Creek Ranch" (sic) as appellee. We refer to this party as "Elk Dance."

entitled to all the water rights previously acquired by the original developer in [the Original Decree] (175 feet of water per year) because they were 'conveyed' by Metropolitan Life as part of the 1989 Settlement Agreement as an 'appurtenance' in the Special Warranty Deed dated July 20, 1989.

The trial management order in the Summit County Case indicated that partition of these water rights was a matter to be tried in that case.[12] Hence, we conclude that the issue of ownership of the disputed water was actually litigated in the Summit County Case. Additionally, we conclude that this issue was necessarily adjudicated because the court had to determine the ownership of the water rights to rule on the Wades' and Lewis's claim that the HOA owned these rights and their request that the court partition them among the Lot Owners.[13]

Because Appellants' argument that the HOA owns the disputed water is identical to an issue actually litigated and necessarily adjudicated in the Summit County Judgment, the first prong of the issue preclusion doctrine is satisfied.

**2. The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding**

■ The second factor in our issue preclusion analysis is whether the Appellants were parties to or are in privity with parties to the Summit County District Court Case. *Sunny Acres Villa, Inc.*, 25 P.3d at 47. "Privity between a party and a nonparty requires both a substantial identity of interests and a working or functional relationship ... in which the interests of the non-party are presented and protected by the party in the litigation." *Cruz v. Benine*, 984 P.2d 1173,

1176 (Colo.1999) (internal citations omitted). Defendants in the Summit County Case included Halena Lewis, Joyce C. and Kenneth J. McNichols, and Dr. Joseph A. and Marguerite Sergent. These persons are also Appellants in the present case. Additional Appellant in the present case, Gerald Lewis is the co-owner of the lot owned by Halena Lewis, a defendant in the Summit County Case. Hence, there exists a substantial identity of interests and a functional relationship in which the interests of Gerald Lewis were presented and protected by Halena Lewis in the Summit County Case litigation. His interests are therefore in privity with those of Halena Lewis. *Cruz*, 984 P.2d at 1176 (internal citations omitted).

Because the Appellants in the present case are identical to or are in privity with the defendants in the Summit County Case, the second prong of the issue preclusion doctrine is satisfied.

**3. There was a final judgment on the merits in the prior proceeding**

■ The third factor in our issue preclusion analysis is whether there was a final judgment on the merits in the prior proceeding. *Id.* A final judgment is "one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *E.O. v. People, El Paso County Dept. of Social Serv.*, 854 P.2d 797, 800 (Colo.1993) (citing *Stillings v. Davis*, 158 Colo. 308, 406 P.2d 337, 338 (1965)).

The final judgment in the Summit County Case was issued on January 28, 2002, and was not appealed.[14] Hence, the third prong of the issue preclusion doctrine is satisfied.

**12.** Issue 2 in the trial management order was "Whether the Addendum to the 1989 Settlement Agreement was validly entered into, and whether the Court can thereby effectuate a division or partition of water rights."

**13.** Appellants also argue that they seek to litigate the question of whether the Summit County District Court had jurisdiction to determine ownership of the Original Decree water, not the question of ownership of that water. Although we address separately Appellants' jurisdiction argument, we note here that Appellants' contention

that they do not seek to litigate the question of the ownership of the Original Decree water conflicts with the second issue they present for appeal: that the water court decrees should be vacated because the HOA, not Elk Dance, owns the Original Decree water.

**14.** The Colorado Court of Appeals recognized the finality of the Summit County Judgment in its unpublished opinion in *Spring Creek Ranchers Ass'n Inc. v. Lewis*, 2004 WL 1903529 (Colo.App. 2004). In that case, 03CA1718, discussed supra, the plaintiffs attempted to attack the Summit

**4. The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.**

■ The fourth factor in our issue preclusion analysis is whether the Appellants had a full and fair opportunity to litigate the issue of the ownership of the disputed water in the Summit County District Court Case. We have held that factors determinative of whether a party has been given full and fair opportunity to litigate include whether the remedies and procedures in the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted, whether the party in privity in the first proceeding has sufficient incentive to vigorously assert or defend the position of the party against which collateral estoppel is asserted, and the extent to which the issues are identical. *Bennett College v. United Bank of Denver, Nat. Ass'n,* 799 P.2d 364, 369 (Colo.1990) (internal citations omitted).

Appellant Halena Lewis explicitly argued the issue of ownership of the disputed water in the Summit County District Court Case. Although the McNicholses and the Sergents received the proposed trial management order notifying them of the issues to be determined in that case, they chose not to litigate the issue of ownership of the disputed water rights and did not appear at trial. In its Findings of Fact, Conclusions of Law, and Judgment, The Summit County District Court detailed its extensive review of all the relevant documents and concluded that Elk Dance, not the HOA or the individual Lot Owners, owned the disputed water. Appellants did not appeal the Summit County Judgment.

Appellants McNicholses and Sergents argue that they are not bound by the Summit County Judgment because they defaulted before the issue of ownership was introduced and were not served with the counterclaims that included the issue of water rights ownership, and because the issue of ownership was introduced in a co-defendants' responsive pleading rather than in the complaint and they were therefore not on notice that they

County Judgment and raise the issue of the ownership of the Original Decree water in a chal-

may suffer liability. These arguments lack merit. First, the Colorado Rules of Civil Procedure require service on a defaulted party only when the pleading asserts "new or additional claims for relief against them." C.R.C.P. 5(a). In the present case, Lewis's and Wades' counterclaim was not *against* their co-defendants Sergents and McNicholses. Rather, the Sergents and McNicholses would have benefited had Lewis and the Wades prevailed on their counterclaim in which they argued that the disputed water belonged to and should be distributed among the HOA members. Further, Appellants Sergents and McNicholses had actual notice that the issue of water rights ownership would be litigated in the Summit County Case because the court served them with the proposed trial management order. Finally, there exists no legal basis for Appellants' assertion that "counterclaims by definition bind neither the persons bringing them, nor codefendants."

We therefore hold that the Appellants in the present case had a full and fair opportunity to litigate the issue of the ownership of the disputed water and that the fourth prong of the issue preclusion doctrine is satisfied.

Because the issue of ownership of the disputed water was actually litigated and necessarily adjudicated in the Summit County Case, Appellants or their privies were parties to the Summit County Case, there was a final judgment on the merits in the Summit County Case, and Appellants or their privies had a full and fair opportunity to litigate the issues in the prior proceeding, the four prongs of the issue preclusion doctrine are satisfied as to the issue of ownership of the disputed water rights. Appellants are therefore precluded from raising this issue in their present challenge to the decrees of the water court in cases 00CW99 and 00CW302.

**Appellants' Arguments Challenging the Subject Matter Jurisdiction of the Summit County District Court**

■ Appellants argue that although the issue of ownership of the disputed water was

lenge to a post-judgment order of the Summit County District Court.

decided in the Summit County Judgment, the doctrine of issue preclusion does not apply because the Summit County Judgment is void, either in its entirety, or insofar as it purports to bind certain Appellants. Appellants contend that the Summit County Judgment is void because the Summit County District Court lacked subject matter jurisdiction to determine the ownership of the disputed water in the Summit County Case. Appellants present four arguments to support this assertion: (1) because the Sergents were defaulted before the issue of the ownership of the disputed water arose in the counterclaims, and because the Sergents and the McNicholses did not appear at trial, the judgment is void as to them; (2) the McNicholses and Sergents are not required to defend against counterclaims raised in a counterclaim by their co-defendants; (3) Elk Dance was not a party to the Summit County Case and title cannot be determined in a nonparty via a declaratory judgment action; and (4) the Summit County Judgment violated separation of powers because only the Board of County Commissioners, not the court, can modify a PUD. We do not reach these arguments because the doctrine of issue preclusion bars Appellants from collaterally attacking the Summit County Court's determination that it had personal and subject-matter jurisdiction to enter the Summit County Judgment.

Every court has authority to hear and decide the question of its own jurisdiction. *Keystone v. Flynn,* 769 P.2d 484, 488–89 n. 6 (Colo.1989). The U.S. Supreme Court has held that a "party that has had an opportunity to litigate the question of subject-matter jurisdiction may not [ ] reopen that question in a collateral attack upon an adverse judgment." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492 (1982). The Court added that "[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Id.*

We cited *Insurance Corp. of Ireland* in *O'Neill v. Simpson,* 958 P.2d 1121 (Colo. 1998). In *O'Neill,* a property owner brought a new claim in water court seeking an injunction against the state engineer, arguing that the water court that held in a previous action that he had abandoned his water rights lacked subject matter jurisdiction and that the earlier decision was therefore void. We held that "[t]he doctrines of [claim preclusion] and [issue preclusion] bar re-litigation of the trial court's original jurisdiction unless there was a manifest abuse of authority by the trial court." *Id.* at 1123. Because the property owner was a party to the prior proceeding and because he "had a full and fair opportunity to litigate [the issue of subject matter jurisdiction] in water court as well as when he appealed," the court found no manifest injustice and held that he was barred from "asserting his jurisdictional claims." *Id.*

Likewise, the Ninth Circuit Court of Appeals has held that challenges to a court's subject matter jurisdiction must be raised during the lawsuit, not in a collateral attack:

[e]ven objections to subject-matter jurisdiction—which may be raised at any time, even on appeal—must be raised while the lawsuit is still pending; they may not be raised for the first time by way of collateral challenge in a subsequent action.

*City of South Pasadena v. Mineta,* 284 F.3d 1154, 1157 (9th Cir.2002). Our court of appeals has held that a party may not collaterally attack a final judgment on subject matter jurisdiction grounds when the party had the opportunity to challenge subject matter jurisdiction during the original action. *In re Marriage of Mallon,* 956 P.2d 642, 645 (Colo. App.1998). This is so even if the trial court determined jurisdiction erroneously. *See People in Interest of E.E.A.,* 854 P.2d 1346 (Colo.App.1992).

These holdings recognize that "if [a] judgment remains indefinitely subject to attack for a defect of jurisdiction, then the principle of finality is compromised." Restatement (Second) of Judgments § 12 cmt. a (1982). The Restatement recognizes limited situations in which a party may contest a court's subject matter jurisdiction in subsequent litigation:

When a court has rendered a judgment in a contested action, *the judgment precludes*

the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:

(1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or

(2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or

(3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

Restatement (Second) of Judgments, § 12 (1982). In *People ex rel. J.A.U.*, we discussed the importance of the finality of judgments, stating that "there must ordinarily be an ultimate stopping point at which a judgment is considered conclusive and unchangeable." 47 P.3d 327, 331 (Colo.2002).

In the present case, Appellants did not challenge the jurisdiction of the Summit County District Court at trial or on direct appeal of the Summit County Judgment. Instead, Appellants seek to defeat the doctrine of issue preclusion and relitigate the issue of ownership of the disputed water rights in an entirely new and only tangentially related proceeding, by arguing that the Summit County Judgment is void for lack of subject matter jurisdiction. If Appellants could collaterally attack the jurisdiction of the Summit County District Court at any time, even years after that court's final decision, it would undermine the finality of the judgment and could lead to conflicting factual determinations on the issue of ownership of the disputed water. Therefore, as in *O'Neill*, we hold that the doctrine of issue preclusion bars Appellants from re-litigating the subject matter jurisdiction of the Summit County District Court.

**CONCLUSION**

For the reasons stated, we affirm the orders of the Water Court that dismissed Appellants' petitions to set aside the decrees entered in Water Court Case Nos. 00CW99 and 00CW302.[15] We return these cases to that court for actions consistent with this opinion.

Justice EID does not participate.

---

15. Elk Dance seeks attorney fees for fees incurred in defending this appeal. We determine that attorney fees are not appropriate in this case.