**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

$112,061.00 IN UNITED STATES
CURRENCY,

    Defendant.

-----------------------------

JAMIE SANCHEZ,

    Claimant - Appellant.

No. 16-1388
(D.C. No. 1:14-CV-02823-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

In this in rem civil forfeiture of $112,061.00, claimant Jamie Sanchez appeals

the summary judgment granted to the government. He claimed to be the owner of the

currency that law enforcement officers found in his residence. The action was filed

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of currency used in illicit drug trafficking.

## I.    Background

Mr. Sanchez filed a Verified Claim to the currency, as authorized by 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  He then filed a Motion to Apply the Exclusionary Rule seeking to exclude the evidence, including the subject currency, obtained pursuant to a search warrant for his residence.  The district court[1] observed that a Colorado state court had addressed the same issue in its criminal proceedings against Mr. Sanchez.  The state court ruled that although the search warrant was an impermissible general warrant, the good-faith exception to the warrant requirement applied.  Accordingly, the state court denied Mr. Sanchez's motion to suppress the evidence.  The district court applied the doctrine of issue preclusion, also known as collateral estoppel, and denied the motion to suppress the evidence in the present case.

The government filed a motion for summary judgment asserting the following facts:  (1) drug-enforcement officers purchased cocaine from Mr. Sanchez on two occasions in 2013; (2) at those times, Mr. Sanchez was on parole from a drug conviction; (3) during a parole visit to Mr. Sanchez's residence on May 15, 2014, officers found a large sum of cash and two handguns in a bedside drawer; (4) because

---

[1] The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

Mr. Sanchez was prohibited by the conditions of his parole from possessing weapons, upon discovery of the handguns the parole officers contacted the police department who arranged for a search warrant; (5) in executing the search warrant officers found additional cash underneath a sofa and in the trunk of a car in the garage; (6) the total amount of currency located and seized from Mr. Sanchez's residence was $112,061.00 and is the defendant currency herein; (7) the search also revealed kilo-sized packaging material and lacquer thinner (drug-packaging materials); (8) Mr. Sanchez entered a guilty plea in Colorado state court to unlawful distribution based on the 2013 drug sales; and (9) Mr. Sanchez's annual salary for the years 2011 through 2014 did not exceed $24,000 and he had declined to answer discovery regarding other sources of income. Based on these facts, the government alleged that the defendant currency was the proceeds from Mr. Sanchez's unlawful distribution of controlled substances.

Mr. Sanchez responded to the government's summary-judgment motion with only a single paragraph reiterating his position that the district court "was incorrect in determining the doctrine of Collateral Estoppel precluded his Motion to Apply the Exclusionary Rule." Aplee. Supp. App. at 96. After analyzing the undisputed factual allegations in light of the applicable law, the district court granted summary judgment to the government.

## II. Applicable Law

The government had the burden "to establish a 'substantial connection between the property and [a criminal] offense.'" *United States v. $252,300.00 in*

3

*U.S. Currency*, 484 F.3d 1271, 1273 (10th Cir. 2007) (quoting 18 U.S.C. § 983(c)(3)). The government contended the currency was traceable to the illegal sale of narcotics and Mr. Sanchez was a drug dealer with past drug convictions and insufficient legitimate income to establish lawful ownership of the currency.

"We review de novo the district court's grant of summary judgment." *United States v. 16328 S. 43rd E. Ave.*, 275 F.3d 1281, 1284 (10th Cir. 2002). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When we apply this standard, we examine the record and any reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *16328 S. 43rd E. Ave.*, 275 F.3d at 1284. If the opposing party "fails to properly address another party's assertion of fact," a district court may consider the fact undisputed and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2) & (3). "Of course, in granting summary judgment based upon a failure to respond, a district court must still determine that summary judgment is appropriate." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254 (10th Cir. 2017).

### III. Analysis

The district court conducted the required summary-judgment analysis. In opposing summary judgment merely by relying on the same arguments made in his Motion to Apply the Exclusionary Rule, Mr. Sanchez failed to dispute the

4

government's asserted facts. This is fatal to his case. *See Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1226 (10th Cir. 2016) (affirming summary judgment because nonmoving party failed to dispute moving party's material factual assertions). We conclude that based on the undisputed facts, the government was entitled to judgment as a matter of law.

Although we affirm the summary judgment due to Mr. Sanchez's failure to controvert the material facts, we nevertheless consider his challenge to the district court's order denying the Motion to Apply the Exclusionary Rule. The district court held that the doctrine of issue preclusion barred relitigation of the state court's decision to deny Mr. Sanchez's suppression motion. The preclusive effect of a state court judgment is governed by state law. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under Colorado law, the doctrine of issue preclusion prohibits relitigation of an issue when:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; and (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*McNichols v. Elk Dance Colo., LLC (In re Water Rights of Elk Dance Colo., LLC)*, 139 P.3d 660, 667 (Colo. 2006) (en banc) (internal quotation marks omitted).

Mr. Sanchez contends that issue preclusion does not apply because the charges arising from the search of his residence were dropped, so he was unable to appeal the suppression ruling. He avers, without citation to the record, that the charges to which

5

he entered a guilty plea were unrelated to the charges arising from the search of his residence. Consequently, he argues, he could not have appealed the state court's order denying his motion to suppress.

The record reflects, however, that Mr. Sanchez was charged in state court in a single proceeding, case number 14CR2225, with two counts of distribution of cocaine based on 2013 cocaine sales, one count of possession of a weapon by a previous offender based on the 2014 search of his residence, and three habitual criminal counts. Aplee. Supp. App. at 14-16. The record further shows that Mr. Sanchez's plea agreement in state court case number 14CR2225 included a provision whereby the prosecution agreed to dismiss counts two through six in exchange for Mr. Sanchez's guilty plea to count one. *Id.* at 69-70. The order denying the motion to suppress bears the same case number. Aplt. App. at 47. Thus, it appears that after the state court denied his suppression motion, Mr. Sanchez entered a guilty plea to count one and the remaining counts were dismissed. If this was not the case, it was incumbent on Mr. Sanchez to provide, and cite to, the documents supporting his position. *See United States v. Brody*, 705 F.3d 1277, 1281 (10th Cir. 2013) (rejecting appellate claims because appellant failed to provide a sufficient record); 10th Cir. R. 10.3(A) ("Counsel must designate a record on appeal that is sufficient for considering and deciding the appellate issues.").

By entering into the plea agreement Mr. Sanchez "forfeit[ed] his right to appellate review of the suppression of evidence," *Neuhaus v. People*, 289 P.3d 19, 23 (Colo. 2012) (en banc). In addition, the plea agreement includes a waiver of "the

6

right to appeal any conviction." Aplee. Supp. App. at 71. Mr. Sanchez cannot now be heard to complain that he was denied an opportunity for meaningful appellate review of his suppression motion. *Cf. Carpenter v. Young ex. rel Young*, 773 P.2d 561, 568 (Colo. 1989) (en banc) (holding summary judgment was entitled to preclusive effect because all criteria were met including the right to review, even though the parties "waived any right to such review when they entered into [a] settlement agreement").

**IV.    Conclusion**

The district court's judgment is affirmed.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

7